# Jenkins *v.* The State.

*Indictment for Obtaining Money by False Pretense.*

1. *Delivery of property does not imply ownership.*—An indictment reciting that the defendant falsely pretended that there was no incumbrance on property then delivered to the person defrauded, and which fails to aver that defendant owned or claimed some right to dispose of the property, is insufficient, since the word "delivered" is not the equivalent of a claim of ownership.

2. *Record of incumbrance is not notice that pretense is false.*—When money is obtained on the false pretense that there was no incumbrance on the property delivered as a pledge for its repayment, the fact that there was a mortgage on the property recorded in a different county unknown to the defrauded person, cannot avail as a defense.

[Jenkins v. The State.]

APPEAL from the City Court of Gadsden.
Tried before Hon. JOHN H. DISQUE.

W. H. STANDIFER, and GEO. D. MOTLEY, for appellant, cited
13 Bush (Ky) 285.

W. L. MARTIN, Attorney-General, cited Code, § 4368; *Wood-bury v. State*, 69 Ala. 242; 2 Whar. Cr. Law, 9 ed., 1186.

COLEMAN, J.—The defendant was indicted for obtaining forty dollars in money from James P. Harbour by false pretense. There were two counts in the indictment. The jury found the defendant guilty as charged in the second count. The question presented is as to the sufficiency of the second count, to authorize a judgment of the law upon the verdict. We hold that it is not. The second count charges that the defendant "did falsely pretend to James P. Harbour, with the intent to defraud, that there was no lien, mortgage or any other incumbrance upon a certain sorrel mare, nine years old, and a piano box buggy, at the time delivered by the said Thomas H. Jenkins to the said James P. Harbour and by means of such false pretense obtained from said James P. Harbour forty dollars in money," &c.

This count does not aver that the defendant represented that he was the owner of, or had any interest in the horse and buggy. It avers that the false representations were made in regard to the property *"at the time delivered"* to Harbour. There being no positive averment of ownership, or words of equivalent import, in the count under consideration, does the recital of the words "at the time delivered" justify the legal inference that the defendant represented himself as the owner of the horse and buggy and as such had the right to sell or pledge the same, as the evidence might show was done. Correct criminal pleading requires that a fact which is a necessary constituent of an offense, should be laid positively and not by way of mere recital, or dubious implication. Archibald in his Criminal Practice and Pleading, § 85, states the principle as follows: "All material facts and circumstances comprised in the definition of the offense, whether by a rule of the common law or by statute, must be stated; if any one material fact or circumstance be omitted, the indictment will be bad." The form given in the Code for a charge of this character and which has been adjudged sufficient, is as follows: "A. B. did falsely pretend to C. D. with intent to defraud, that he had ten bales of cotton packed and ready for delivery, and by means of such false pretense" &c.

[Winslow v. The State.]

In construing the indictment, drawn in accordance with the form prescribed, in the case of *Franklin v. State*, 52 Ala. 414, this court held, that the word "had" meant more than to assert ownership, and held a charge correctly refused which called for an acquittal if the proof showed that defendant *had* possession, of the mule, although he may not have owned the mule. We do not feel at liberty to relax the strictness required in criminal pleading further than that fixed by our statute, and the forms given. We think the second count should have followed the form given in the Code, or averred a sale or pledge of the property, either of which would imply an ownership in the property or legal authority to so dispose of it, or used some other language of equivalent import. We think it would be unsafe to hold that the mere recital "at the time delivered" in the indictment has this effect.

The fact that there was a mortgage on the property, recorded in a different county from that in which Harbour lived, and in which the false pretenses were made, Harbour having no notice of the existence of such mortgage, can not avail the defendant.

In *Woodbury v. State*, 69 Ala. 242, it is said "Whether the prosecution could have avoided imposition from the false pretense, if he had exercised ordinary prudence and discretion to detect its falsity, is not a material inquiry. As a general rule, if the pretense is not of itself absurd or irrational, or if he had not at the very time it was made and acted on, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense." The other exceptions are without merit.

The judgment is reversed and the cause remanded.