[No. 5862.   Decided January 20, 1906.]

THE STATE OF WASHINGTON, *Appellant,* v. GIFFORD W. PHELPS, *Respondent.*[1]

CRIMINAL LAW—OBTAINING PROPERTY UNDER FALSE PRETENSES— INFORMATION—SUFFICIENCY. An information for the offense of obtaining property under false pretenses sufficiently states the essential elements of intent to defraud, the design, and the means by which the fraud was perpetrated, where it is charged that the accused obtained the signature of one B. to a promissory note by means of false representations respecting the organization of a bank at a particular place, that certain parties had subscribed for its stock, that a little ready money was required for a certain purpose, which could be procured on said note, and that a certain banker had sent the accused to said B. for that purpose; since all these statements were representations of material, past, or present facts calculated to deceive said B. and induce him to deliver the note, which was a thing of value although not made to a definite payee (RUDKIN, J., dissenting):

SAME—INFORMATION—SUFFICIENCY—TENDENCY TO DECEIVE. Any pretense which actually deceives the person defrauded is sufficient to sustain a conviction of the crime of obtaining property under false pretenses, it not being essential that it be sufficient to deceive a person of ordinary intelligence.

Appeal from a judgment of the superior court for Adams county, Warren, J., entered June 26, 1905, upon sustaining a demurrer to an information, dismissing a prosecution for obtaining property under false pretenses. Reversed.

*Walter Staser* and *Zent & Lovell,* for appellant.

*O. R. Holcomb,* for respondent.

FULLERTON, J.—On June 26, 1905, the respondent was under arrest in Adams county, accused of the crime of obtaining property under false pretenses. On that day the prosecuting attorney of Adams county filed an information against him in the following language:

"Comes now Walter Staser, prosecuting attorney and county attorney in and for Adams county, Washington, and

1Reported in 84 Pac. 24.

by this information accuses Gifford W. Phelps of the crime
of obtaining a thing of value under false pretenses, com-
mitted as follows, to wit: That the said Gifford W. Phelps,
in the county of Adams and State of Washington, then and
there being, on or about the twelfth day of May, 1905, and
within one year last past, did then and there, designedly,
and with intent to defraud another, by false and fraudulent
pretenses, to wit: That, the said Gifford W. Phelps was
organizing a banking corporation to do a general banking
business at Lind, Adams county, Washington, and that James
Nielson and Dugal Nielson had subscribed for and purchased
ten thousand dollars worth of the capital stock of the said
corporation; that it was necessary to purchase some furniture
and fixtures to be used in the said bank; that a certain per-
son, O. H. Greene, of Ritzville, Washington, had told and
represented to the said Gifford W. Phelps that the said furni-
ture and fixtures could be purchased at a bargain in the city
of Spokane, Washington, if purchased at once for cash; and
.the said O. H. Greene had advised and directed the said
Gifford W. Phelps to procure from B. F. Berry a promissory
note for about eight hundred fifty dollars, and he, the said
O. H. Greene, or the Pioneer State Bank of Ritzville of which
he was cashier, would cash the said note and advance the
money thereon: obtain a thing of value to wit: did induce
the said B. F. Berry to sign, execute and deliver, a certain
written instrument which was in the following words and
figures to wit:

" '$850.                    Ritzville, Wash., May 13, 1905.

" 'Six months after date, without grace, ———— promise
to pay to the order of ———————— eight hundred and fifty
dollars and none hundredths in gold coin of the United States
at the rate of one per cent per month from date until paid
for value received. Interest to be paid ———————— and if not
so paid the whole sum of both principal and interest to be-
come immediately due and collectible at the option of the
holder of this note. And in case suit or action is instituted
to collect this note or any part thereof, ———— promise
and agree to pay, in addition to the costs and disbursements,
provided by statute ———— dollars in like gold coin for
attorney's fees in said suit or action.

" 'Due ———— 190—.              G. W. Phelps.
" 'At ———————— No. —.         B. F. Berry.' ·

"That all of the statements and representations above enumerated, were false, fraudulent and untrue, and were known by the said Gifford W. Phelps to be false, fraudulent and untrue; and that by the said false and fraudulent representations and pretenses, as aforesaid, the said Gifford W. Phelps did obtain from the said B. F. Berry the aforesaid promissory note, and the said representations were made designedly and for the purpose of deceiving and defrauding the said B. F. Berry in obtaining a thing of value, to wit: the promissory note, and the aforesaid note was a thing of value, and the said B. F. Berry then and there believed, relied and acted upon all of the aforesaid representations contrary to the form of statute in such cases made and provided, and against the peace and dignity of the state of Washington."

To this information the respondent interposed a general demurrer, which the trial court sustained. The prosecuting attorney on behalf of the state thereupon elected to stand on the information, upon which the court discharged the respondent and dismissed the action. The state appeals.

The question presented is, does the information state facts sufficient to constitute a crime? Before a person can be convicted of the statutory crime known as obtaining money or other property under false pretenses, it must be made to appear that the person did, with intent to defraud, designedly, by color of some false token or writing, or by some false pretense, obtain from another some one or more of the things enumerated in the statute, or something of value not therein specially enumerated. And, of course, an information, in order to state facts sufficient to constitute a crime, must allege the intent to defraud, the design, the means used by which the fraud was practiced, and must describe the articles, or thing of value obtained. Measured by these tests, it is at once apparent that the information before us does sufficiently allege the intent to defraud, the design, and sufficiently describes the thing of value obtained from the prosecuting witness. The only essential about which there can be any question is the allegation concerning the means used to induce

the prosecuting witness to part with his property. The argument against the sufficiency of this part of the information is two-fold; it is said, first, that the representations made were neither of past or present facts, nor calculated to deceive; and, second, that they were insufficient to deceive a person of ordinary prudence and common intelligence.

But it seems to us that neither of these objections are well taken. The representations which induced the prosecutor to part with his property are clearly of past or present facts. We think, also, that they were pertinent to the matter the respondent desired to accomplish; in other words that they were calculated to deceive. The representation that respondent was organizing a bank to do a general banking business at a particular place; that certain persons had taken stock therein; that it was desirable at that time to have a little ready money for a particular purpose; that it could be obtained upon the prosecutor's note, and that a certain banker had sent the respondent to the prosecutor to procure the note; were all representations of material past or present facts, calculated to deceive the prosecuting witness and induce him to deliver over to the respondent property that he would not otherwise deliver over.

As to the second objection, it is the rule in Indiana and perhaps one or two other states, that a false pretense to be criminal must be of some fact as would tend to deceive a person of ordinary prudence and common intelligence (Clifford v. State, 56 Ind. 245; State v. Burnett, 119 Ind. 392, 21 N. E. 972); but the great weight of authority is to the opposite effect. The general rule is that any pretense which deceives the person defrauded is sufficient to sustain an indictment or information, and hence, sufficient to sustain a conviction. 3 Words & Phrases, 2664. Therefore, while the foregoing information is not recommended as a model, we think it states a crime, and that the trial court erred in sustaining the demurrer interposed to its sufficiency. The judgment appealed from is reversed, and the cause remanded,

with instructions to reinstate the case and overrule the demurrer.

MOUNT, C. J., ROOT, CROW, DUNBAR, and HADLEY, JJ., concur.

RUDKIN, J. (dissenting)—I dissent. I do not think that the instrument described in the information in this case is a thing of value, for the want of a payee. It was so held in *Rex v. Richards,* Russ. & Ryan, 192, and *Rex v. Randall,* Id., 195. See, also: *Rex v. Pateman,* Id., 454; *People v. Galloway,* 17 Wend. 540; *In re Payson,* 23 Kan. 757; 12 Am. & Eng. Ency. Law (2d ed.), 834; Daniels, Neg. Inst. (5th ed.), § 102; Wharton, Crim. Law (10th ed.), § 1196. The rule announced by these authorities is not affected in any way by the provisions of the act regulating negotiable instruments in this state. Section 14 of that act provides that:

"Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount." Laws 1899, p. 343.

But this statute is simply declaratory of the common law or law merchant, as theretofore administered in the courts of England and the United States. Such was the law in the jurisdictions where the above cited cases were decided. Daniels, Negotiable Instruments (5th ed.), §§ 142, 143. Before a prosecution for forgery or obtaining money under false pretenses can be sustained on an instrument of this kind, it must appear that the instrument is sufficient on its face to charge some person; in other words, it must require extrinsic evidence to show its invalidity. *People v. Galloway, supra;* Wharton, Crim. Law, § 680.

In my opinion, the instrument described in this information is a nullity, a contract with but one party thereto, a

promise to pay no one. Without discussing the other objections urged against the information, the judgment should be affirmed.