[No. 13563. Department Two. December 29, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. A. R. ROLETTE, *Appellant*.[1]

EMBEZZLEMENT — BY AGENT — DEFENSES — APPROPRIATION UNDER CLAIM OF TITLE—INSTRUCTIONS—STATUTES. Upon a prosecution of a broker for larceny by embezzlement in withholding, as agent of the purchaser, part of the purchase price which he had deducted as his commission, in which there was conflicting evidence as to defendant's misrepresentations and as to the fact of agency, the defendant is entitled to an instruction to the jury in accordance with Rem. Code, § 2608, which provides that it shall be a sufficient defense to a prosecution for larceny that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim is untenable.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 15, 1916, upon a trial and conviction of grand larceny. Reversed.

*G. C. Israel*, for appellant.

*Alfred H. Lundin* and *Frank P. Helsell*, for respondent.

PARKER, J.—The defendant, Rolette, was charged, by information filed in the superior court for King county, with the crime of grand larceny, in that he, having in his possession, as agent and bailee of Alice Buttler, the sum of $40.85 in money belonging to her, did feloniously withhold and appropriate the same to his own use with intent to deprive her thereof, in violation of the provisions of Rem. Code, § 2601, reading as follows:

"Every person who, with intent to deprive or defraud the owner thereof—  .  .  . (3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee,  .  .  . shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person

[1]Reported in 161 Pac. 1042.

entitled thereto; . . . steals such property and shall be guilty of larceny."

His trial in the superior court resulted in a verdict of guilty. Judgment was rendered thereon sentencing him to a term of not less than two nor more than fifteen years, from which he has appealed to this court.

The only contention here made in appellant's behalf is that the trial court erred to his prejudice in refusing to give to the jury the following requested instruction:

"The laws of the state of Washington provide that, in any prosecution for larceny, it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim is untenable.

"Therefore, if you find from the evidence that the defendant withheld or appropriated to his own use the property or money described in the information, that he did so openly and avowedly under a claim of title preferred in good faith, that is, honestly believing that he was legally entitled to it as his own, then your verdict should be not guilty."

It is argued that, in view of appellant's claimed good faith and honest belief that he was legally entitled to the money he was charged with appropriating, he was entitled to have this requested instruction given to the jury to the end that the jury might be advised as to the law touching the question of his good faith as provided by Rem. Code, § 2608, which reads:

"In any prosecution for larceny it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable."

At the time of the alleged commission of the offense, appellant was engaged in what he terms the "business chance brokerage business," and which he describes as "selling of businesses that different people list with us for sale." He testified as to the manner of procuring commission or com-

pensation for such services as follows: "They [the owners] generally add a commission on to the price that they want; they say they will take so much net for themselves, and whatever we make over we can keep." A day or two prior to the alleged commission of the offense, Mrs. Buttler, the prosecuting witness, went to appellant's office, where considerable talk was indulged in between her and appellant relative to her desire to purchase a cigar stand. She then made known to him that she desired to invest not to exceed $500 in such a business. At that time he did not have in mind any particular cigar stand that he regarded as one she would be likely to purchase, so they agreed that she should come back the next day when something more definite might be proposed. In the meantime, he procured to be listed with himself for sale a cigar stand at a net price of $490 to the owner. Upon her return to appellant's office the following day, she was told of this cigar stand, and was informed that she could probably buy it for $525, appellant having in mind the earning of his commission or compensation in stating this price to her. Finally, after some considerable protestation upon her part that she did not want to invest that much, and after appellant had taken her to see the property, a preliminary contract of purchase was signed by her, she paying $50 down thereon and agreeing to pay the balance upon final consummation of the deal and transfer of good title to her. Soon thereafter the title was transferred to her by bill of sale in pursuance of the preliminary contract, when she paid the balance of the purchase price, and in addition thereto, paid $5.85 which appellant informed her was the amount of the rent of the place for the balance of the ensuing month, the rent for the month having been paid in advance.

We shall assume, for argument's sake, that these payments were all made by Mrs. Buttler to appellant and that he thereafter settled with the owners. At the time of thus closing the deal, appellant, seeming to be of the opinion that he was

not making as much out of it as he should, said to Mrs:
Buttler: "I am not making enough commission out of this
deal, will you give me $25 more for my commission? It is
optional with you whether you want to do it, if you don't,
don't. I think I ought to have it because I am not making
enough." After some hesitation, she paid him $25, though
at that time she did not know how much he was getting out
of the purchase price she had paid. Up to that time no con-
versation had passed between appellant and Mrs. Buttler
touching his commission, and apparently she had no thought
up to that time of paying any commission. It was at that
time that he induced her to pay the $5.85 on account of the
rent, which had been paid in advance and to which extent
she would be benefited as the tenant of the place for the re-
mainder of the month. So appellant thus got the $35 excess
upon the purchase price Mrs. Buttler paid above the owners'
net price and also the $5.85 paid by her on account of the
rent. Appellant says that the owners had agreed with him
that he should not only have the excess that he would get
over their net price of $490, but should also have whatever
amount he collected from the purchaser on account of rent,
which would accrue to the benefit of the purchaser after a
sale on account of the whole month's rent having been paid
in advance.

There was given upon the trial a large amount of testi-
mony tending to show that appellant had misrepresented to
Mrs. Buttler the value of the property and the net price the
owners were to receive for it, all of which, however, was denied
by appellant. There was also considerable evidence pointing
to the existence of the relation of principal and agent be-
tween appellant and Mrs. Buttler, from which it might well
be argued that such relation did exist from the beginning of
the negotiations. He testified, however, positively that he
was not her agent at any time. While this, of course, was a
conclusion to be drawn from the facts, it in any event tended

to show his belief as to his legal relation with her and has a bearing upon the question of his good faith touching his right to the money appropriated.

The argument of the prosecuting attorney deals at considerable length with the facts and circumstances disclosed by the evidence pointing to appellant's guilt, which argument it seems to us deals more with the question of appellant's guilt than with the question of his being entitled to have this instruction given to the jury. However, it is sought to draw the conclusion therefrom that the requested instruction has no application to the facts, and hence that its refusal was not prejudicial error. We are, however, not here concerned with the question of appellant's guilt or innocence. That was for the jury to decide. We are only concerned with the question of whether or not he was entitled, under the theory of his defense, to have the jury instructed as requested. Now it seems to us that to hold that the defendant was not entitled to this requested instruction would be in effect to hold, as a matter of law, that his defense of good faith was wholly unfounded. It may be that, looking at the evidence as a whole, such would be the fair conclusion of fact which the jury might be warranted in drawing, but that is quite a different matter from the court in effect so declaring, as a matter of law, by its refusal to give this instruction. Looking at the evidence as a whole, we cannot escape the conclusion that appellant's theory of defense, that is, that "the property was appropriated openly and avowedly under a claim of title preferred in good faith," has sufficient support in the evidence to call for the submission of appellant's claim in that regard to the jury. It is conceded that the requested instruction fairly states the law as provided in Rem. Code, § 2608, above quoted. It is not argued, and we think it could not be successfully argued, that the law as defined by that section was given to the jury in any of the instructions given by the court. It is easy to see that the

jury might have found in appellant's favor had it been instructed as requested.

The judgment is reversed, the appellant is granted a new trial and the cause remanded for further proceedings.

MOUNT and HOLCOMB, JJ., concur.