[No. 14632.   Department Two.   June 17, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
GEORGE THOMAS, *Appellant.*[1]

FORGERY—INDICTMENT—INTENT TO DEFRAUD—SUFFICIENCY.  An information for forgery, setting forth the instrument as forged with intent to defraud is sufficient without stating the names of the persons defrauded; in view of Rem. Code, § 2303, providing that it is not necessary to prove intent to defraud any particular person, and Id., § 2292, providing that where an intent to defraud is an element of the offense, it is sufficient to prove an intent to defraud any person whatsoever.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 12, 1917, upon a trial and conviction of forgery.   Affirmed.

*John T. Casey,* for appellant.

*Alfred H. Lundin* and *Frank P. Helsell,* for respondent.

CHADWICK, J.—Appellant was charged upon the following information:

"He, said George Thomas, in the county of King, state of Washington, on or about the 22d day of March, A. D. 1917, with intent to defraud, did then and there wilfully, unlawfully and feloniously forge a certain written instrument, to wit: a check, in the words and figures following, to wit:
"No. 122.                    Seattle, Wash., Mar. 22, 1917.
   "To the Seattle Branch
      "The Canadian Bank of Commerce 19-13
Pay George Thomas..................$15.00 or order
Fifteen Dollars......................100 Dollars
                                    "A. C. Paul.
said written instrument then and there being a request for the payment of money.

   "Contrary to the statute in such case made and provided and against the peace and dignity of the State of Washington."

[1]Reported in 172 Pac. 650.

He appeals from a judgment of conviction, contending that the information does not charge a crime, in that it does not state the nature and the cause of the accusation as is required under § 22, art. 1, of the constitution, and that it does not state the facts in ordinary and concise language so that a person of common understanding may know what is intended, as required by subd. 2, § 2055, Rem. Code, and that it does not conform to, and that it is not sufficient under, § 2057 and subdivisions 6 and 7 of § 2065, Rem. Code, in that it does not state the name of the person intended to be defrauded.

It is a settled rule of law that the crime of forgery may be charged by setting forth the instrument saying that it is forged and with intent to defraud, § 2583, Rem. Code; 12 R. C. L., p. 154; 9 Ency. Pleading and Practice, p. 555; 11 Standard Enc. of Procedure, 1142.

It is also held, almost without contradiction in the cases, that it is unnecessary to name the particular person intended to be defrauded. It is provided in § 2303 of Rem. Code, subd. 5, "that it is not necessary to aver or prove an intent to defraud any particular person," and in § 2292 that, whenever an *intent to defraud* is an element of an offense charged, it is sufficient to sustain a conviction if the testimony shows that there was "an intent to defraud any person, association or body politic or corporate whatsoever." See *State v. Pilling*, 53 Wash. 464, 102 Pac. 230, 132 Am. St. 1080.

There being no statement of facts, we are bound to assume that the proof disclosed an intent to defraud some particular person, association, body politic or corporate.

We find no error, and the judgment is affirmed.

MAIN, C. J., HOLCOMB, MOUNT, and FULLERTON, JJ., concur.