[No. 14653. Department Two. July 19, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
FRANK MILLROY, *Appellant*.[1]

FALSE PRETENSES—INFORMATION—SUFFICIENCY. An information
for obtaining money under false pretenses is sufficient where it
shows that the money was secured by falsely representing that a
tract of forty acres in S. county was subject to homestead entry
and that accused could locate the prosecuting witnesses thereon, in
view of Rem. Code, §§ 2065, 2066, requiring only a statement that
may be understood by a person of common understanding which is
insufficient only when it tends to prejudice the substantial rights
of the defendant.

SAME—EVIDENCE—SUFFICIENCY. A conviction of obtaining money
under false pretenses is sustained where it appears that accused
obtained $300 by falsely representing that land pointed out by him
was subject to homestead entry, and by inducing the prosecuting
witness to enter a contest and make an entry upon other land.

CRIMINAL LAW—CONTINUANCE—ABSENCE OF WITNESSES. It is not
error to refuse a third continuance to obtain the presence of wit-
nesses who were nonresidents of the state and whose attendance was
optional and there was no certainty that it could be obtained.

SAME—TRIAL—POLLING JURY—IMPEACHING VERDICT. Where, upon
polling the jury, a juror answered "either that or a hung jury," and
upon being admonished, answered, "yes," the verdict should be re-
ceived and cannot be impeached.

SAME—TRIAL—IMPEACHING VERDICT. The verdict of a jury can-
not be impeached by a juror's affidavit that she, unknown to the
other jurors, arrived at her decision by chance.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered October 20, 1917,
upon a trial and conviction of obtaining money by
false pretenses. Affirmed.

*Morris & Shipley* and *Thomas J. Casey*, for appel-
lant.

*Alfred H. Lundin* and *Frank P. Helsell*, for respond-
ent.

[1]Reported in 174 Pac. 10.

7—103 WASH.

MOUNT, J.—The appellant was found guilty by a jury upon a charge of obtaining money by means of false pretenses. The trial court pronounced sentence upon the verdict, and this appeal followed.

The appellant contends, first, that the court erred in overruling a demurrer to the information. Omitting the formal parts, the information is as follows:

"He, said Frank Millroy, in the county of King, state of Washington, on the 1st day of September, 1916, did then and there wilfully, unlawfully, falsely, designedly, fraudulently and feloniously pretend and represent to Steve Diemoz and Paul Droz that a certain tract of land of forty acres, consisting of twenty-five acres of upland and fifteen acres of water, near Clear Lake, Skagit county, Washington, the exact legal description of which is to the prosecuting attorney unknown, was subject to homestead entry and that he, said Frank Millroy, could arrange matters so that said Steve Diemoz and Paul Droz could make a homestead entry on said lands, and that he, said Frank Millroy, could locate said Steve Diemoz and Paul Droz on said lands under the homestead laws of the United States; and the said Steve Diemoz and Paul Droz then and there believing the false pretenses and representations so made by said Frank Millroy, and relying thereon, and being then and there deceived thereby, were then and there induced, by reason thereof to deliver, and did then and there deliver, to said Frank Millroy the sum of three hundred dollars ($300) in money, of the value of three hundred dollars ($300) in lawful money of the United States, the property of said Steve Diemoz and Paul Droz; and the said Frank Millroy did then and there wilfully, unlawfully, fraudulently and feloniously receive and obtain said money by means of said false and fraudulent pretenses and representations, with intent then and there to deprive and defraud said Steve Diemoz and Paul Droz thereof.

"Whereas, in truth and in fact, said pretenses and representations then and there so made by said Frank Millroy to said Steve Diemoz and Paul Droz were in all respects utterly false and untrue, in this, that said

land was not then and there subject to homestead entry and said Frank Millroy was not then and there able to arrange matters so that said Steve Diemoz and Paul Droz could make a homestead entry on said lands, and said Frank Millroy was not then and there able to locate the said Steve Diemoz and Paul Droz on said lands under the homestead laws of the United States, as he, said Frank Millroy, then and there well knew.''

Appellant contends that this information is insufficient, because it lacks the essentials of accuracy and definiteness; that it does not give the legal description of the land referred to; that the representations are not representations of past or existing facts; and that the representations made relate to matters of public record, and, for that reason, the prosecuting witnesses were not authorized to act thereon. We think there is no merit in any of these contentions. The gist of the information is that the appellant falsely represented that a tract of forty acres of land in Skagit county was subject to homestead entry and that he could locate the prosecuting witnesses thereon; that, in truth and in fact, the representations so made were false and untrue, which the appellant then and there well knew. It appears from the information that the legal description of the particular tract of land was unknown to the prosecuting attorney, but it is alleged that it was near Clear lake, in Skagit county. The statute (Rem. Code, § 2065) provides that an information is sufficient if it can be understood therefrom by a person of common understanding what is intended; and, at § 2066, no information is insufficient ''which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'' We are clearly of the opinion that the information in this case was sufficient to inform the appellant what was intended. *State v. Phelps,* 41 Wash. 470, 84 Pac. 24; *State v. Ryan,* 34 Wash. 597, 76 Pac. 90.

In *State v. Phelps, supra,* we said, in referring to an information charging the crime of obtaining money under false pretenses:

". . . an information, in order to state facts sufficient to constitute a crime, must allege the intent to defraud, the design, the means used by which the fraud was practiced, and must describe the articles, or thing of value obtained. Measured by these tests, it is at once apparent that the information before us does sufficiently allege the intent to defraud, the design, and sufficiently describes the thing of value obtained from the prosecuting witness. The only essential about which there can be any question is the allegation concerning the means used to induce the prosecuting witness to part with his property."

The same is true in this case. The means used in this case to induce the prosecuting witnesses to part with their money was the false representation that a certain tract of land in Skagit county, consisting of twenty-five acres of upland and fifteen acres of water, was subject to homestead entry under the laws of the United States, when the tract pointed out was not subject to entry. So it is clear, we think, that the information states sufficient facts and is sufficiently definite to inform appellant of the particular acts charged against him. It is unnecessary, therefore, to consider whether the representations made were of past or existing facts, or whether the matters represented were matters of public record or not. If such representations were made and relied upon, the offense was complete. *Woodbury v. State,* 69 Ala. 242, 44 Am. Rep. 515; *Jenkins v. State,* 97 Ala. 66, 12 South. 110.

Appellant further contends that the evidence was insufficient to submit to the jury. The evidence on the part of the prosecution shows conclusively that the appellant took the prosecuting witnesses to a piece of land in Skagit county, at or near a lake known as

Beaver lake, and pointed out a stake which he represented was the corner of a forty-acre tract. He pointed out a tract of land bordering on the lake and consisting of about twenty-five acres and stated to them that fifteen acres adjoining the twenty-five acres was covered with water and that this land and water were subject to homestead entry. He explained to them at the time that the land had been theretofore filed upon, and that it would be necessary to institute a contest against the person who had filed upon the land and abandoned it, and then the land would be subject to entry under the laws of the United States. He then took the prosecuting witnesses to the United States land office and entered a contest against the person who had filed upon a certain forty-acre tract of land which was not the land pointed out to the prosecuting witnesses, and a contest was had which resulted favorably to the prosecuting witnesses. They then filed upon the tract of land, the description of which was given by the appellant. When they went to locate upon the land, they learned that the land which was pointed out to them by the appellant was land which had been held for years in private ownership and was not subject to homestead entry. It was shown beyond dispute that the appellant knew the land around this lake was all held in private ownership, except the lake itself, and that the forty acres, description of which was given by the appellant to the prosecuting witnesses, was almost, if not entirely, covered by water. The prosecuting witnesses relied upon the representations made by the appellant, and before they attempted to settle upon the land which was pointed out to them, they paid the appellant $300. If these facts are to be believed, it is plain that the appellant falsely and fraudulently, by means of the representations which he made, obtained the money of the prosecuting wit-

nesses, and was therefore guilty. Upon the whole evidence submitted to the jury, we think it was not only sufficient, but that the jury could have reasonably found no other verdict.

Appellant further argues that the court erred in refusing to grant a continuance when the case was finally called for trial. It appears that the cause was originally set for trial on May 2, 1917. Prior to that date, the appellant moved the court for a continuance upon the ground that two necessary witnesses were absent in Alaska and in Vancouver, B. C. At that time counsel for appellant represented to the court that the witnesses could be in attendance the latter part of May. The case was thereupon continued until the 28th of May. Upon that date, a request for a few days' continuance was made, and it was continued until the 31st day of May, 1917. Thereupon, a further continuance was asked upon the ground that the same two witnesses were not in attendance upon the court. The trial court denied the further continuance and proceeded with the trial of the case. There was no error in denying the motion for further continuance. The witnesses, on account of whose absence a continuance was asked, were nonresidents of the state and it was optional with them whether they would attend. There was no certainty that their attendance could be had. It was, therefore, within the discretion of the trial court to grant or deny a continuance.

It is next argued that the court erred in receiving the verdict of the jury. When the verdict was returned, the jury was polled. In answer to a question asked of each of the jurors whether the verdict was their verdict, one of the jurors answered: "Either that, or a hung jury." When admonished by the court that she should answer directly "Yes" or "No," the juror, in answer to the question: "Is this your verdict

and the verdict of the jury?'' said "Yes.'' The verdict was thereupon received. The answer of the juror to the question of the court was conclusive, and the juror cannot now be heard to say that she did not agree to the verdict. *Bean v. State,* 17 Tex. App. 60; *Hill v. State,* 64 Ga. 453; *Moss v. State,* 152 Ala. 30, 44 South. 598; *Gose v. State,* 6 Tex. App. 121.

Appellant next argues that a new trial should have been granted because of misconduct of the jury. Affidavits of some of the jurors were to the effect that, while one of the jurors assented to the verdict, her assent was brought about by chance. She made an affidavit to the effect that, while she was considering the verdict, and while she had a piece of candy in her hand, she cast the piece of candy to determine whether her vote should be guilty or not guilty, and, upon the result of that cast, she decided that she should vote for a verdict of guilty. It is not claimed that the other jurors knew of this. Whatever the fact may be, it is plain that the verdict of a jury cannot be impeached in this way. After a juror has returned a verdict, he cannot be heard to impeach the verdict because some trifling circumstance like this may have controlled his vote. *State v. Parker,* 25 Wash. 405, 65 Pac. 776; *Maryland Casualty Co. v. Seattle Elec. Co.,* 75 Wash. 430, 134 Pac. 1097; *State v. Lorenzy,* 59 Wash. 308, 109 Pac. 1064, Ann. Cas. 1912B 153.

We find no error in the record, and the judgment must therefore be affirmed.

MAIN, C. J., HOLCOMB, FULLERTON, and CHADWICK, JJ., concur.