[No. 17238. Department Two. July 31, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
P. L. AUSTIN, *Appellant.*[1]

CRIMINAL LAW (188)—TIME OF TRIAL—DISCHARGE OF ACCUSED FOR DELAY—DISCRETION. It is not an abuse of discretion to refuse to dismiss a criminal prosecution for failure to bring it to trial within sixty days, where the trial commenced within sixty-two days, and accused had made no previous effort to note the case for trial.

FALSE PRETENSES (7)—INDICTMENT AND INFORMATION (51)—DESCRIPTION OF MEANS. An information for obtaining money by false pretenses, stating the ultimate facts, and fairly apprising accused of the offense, will be held sufficient although it fails to allege the means by which the matter was conducted.

CRIMINAL LAW (110, 112)—FALSE PRETENSES (13)—EVIDENCE—OTHER OFFENSES. In a prosecution for obtaining money in the sale of stock by false pretenses as to the condition of the company, evidence of other instances of similar false representations by which accused obtained money from others is admissible to show intent.

SAME. In a prosecution for obtaining money in the sale of stock by false pretenses as to the condition of the company, it is not admissible to show accused's false statements to stockholders that he employed witness after negotiations for a considerable time, and his request to witness not to mention that it had been only a short time; since it did not concern similar offenses.

[1] Reported in 207 Pac. 954.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 6, 1921, upon a trial and conviction of obtaining money on false pretenses. Reversed.

*Walter S. Fulton, John F. Dore,* and *John T. Casey,* for appellant.

*Malcolm Douglas, T. H. Patterson,* and *Chester A. Batchelor,* for respondent.

Hovey, J.—Appellant was convicted of the crime of grand larceny upon an information charging that he obtained money from another by misrepresenting the condition of a corporation.

The evidence of the state was to the effect that the transaction involved the transfer of certain shares of stock in the corporation named in the information and belonging to appellant and that the false representations as to the condition of the corporation were an inducement by which the money was secured by the appellant.

The trial of the appellant commenced sixty-two days after the information was filed, and a motion was made to dismiss because appellant had not been brought to trial within sixty days. This motion, however, was not filed until the trial was at hand, and appellant had made no previous effort to note the case for trial. We think no abuse of discretion was shown by the trial court in denying this motion.

It is claimed that the information is insufficient, and objection was made to the introduction of any testimony at the time the trial commenced and the objection has been raised in various forms since then.

We do not consider the information a model to be approved of, but we believe that it states the ultimate facts; namely, false representations and the fact that

the money was obtained by these representations; the appellant was fairly apprised of what he was charged with and we consider he was not prejudiced by the failure to allege the means by which the matter was conducted. *State v. Garland,* 65 Wash. 666, 118 Pac. 907; *State v. Anderson,* 107 Wash. 336, 181 Pac. 696, 185 Pac. 624; *State v. Millroy,* 103 Wash. 193, 174 Pac. 10.

Evidence was received of the making of similar representations by the appellant to several other purchasers of stock and this is claimed to be erroneous. In *State v. Anderson, supra,* this court has settled the law in this jurisdiction that similar representations are admissible in a case of this kind for the purpose of showing intent.

Testimony was received from a witness named Clark to the effect that similar representations had been made to him and that upon the faith of them he came from Massachusetts to Seattle and accepted employment as factory superintendent upon the promise of a salary and certain shares of stock as a bonus. The witness received from the appellant the following telegram:

"One hundred letters received yours appealed to us. Salary $3,600 6 months, $4,000 6 months, 2 years $4,800. With us one year $2,500 in stock bonus. We own factory site and buildings, opportunity like this seldom offered. Sales far exceed our present output. Expenses upon arrival.

　　　　　　　　　　　"United Rubber Products Co.,
　　　　　　　　　　　"P. L. Austin, Pres."

And upon his arrival, appellant told the witness that appellant had been representing to the other stockholders that he had been in negotiation with the witness for a considerable time and he would prefer that the witness say nothing about the short period of time

that had transpired between the first correspondence and the time that witness arrived. Objection was made to this testimony and the matter argued out before the court in the absence of the jury. The court overruled the objection and permitted the testimony to go in. In our opinion, this testimony was erroneously received, and we cannot say that it was not prejudicial. The transaction with this witness was not a stock sale, but one of employment, and the effort made to have this witness conceal the true situation was not testimony of similar transactions, but amounted simply to charging the appellant with being dishonest. A defendant has a right to have his trial limited to the charge made against him, and the inquiry can only be extended to other transactions when there is a recognized exception having a legal reason for its basis.

Appellant moved for an instructed verdict of not guilty upon the ground that the evidence was insufficient. In our opinion the evidence properly received was sufficient to sustain a conviction.

Error is predicated upon the instructions. We do not find any error in them, when considered as a whole.

On the error in receiving the Clark testimony, the case will be reversed for a new trial.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.