[No. 20649.  Department One.  July 21, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. LYTLE S. ADAMS, *Appellant*.[1]

[1] FALSE PRETENSES (11)—INFORMATION—OBTAINING MONEY.  An information for obtaining money under false pretenses is sufficient where it alleges the obtaining of a check by false representations that the accused was the owner of real property worth forty thousand dollars, free and clear of all incumbrances, and received the money thereon with intent to deprive the owner thereof.

[2] SAME (16)—EVIDENCE—SUFFICIENCY TO SUPPORT CONVICTION.  A conviction of obtaining money under false pretenses is sustained by proof that the accused obtained the money as a loan by false representations that the accused was the owner of real property worth forty thousand dollars, free and clear of all incumbrances.

[3] TRIAL (116)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.  Error cannot be assigned upon instructions standing alone, where they expressly refer to other instructions which as a whole are correct.

[4] LARCENY (24)—EVIDENCE—MATTERS OF DEFENSE—RESTORATION OF PROPERTY.  Partial or complete restoration of money obtained by false representations is no defense to a prosecution for the larceny thereof.

[5] CRIMINAL LAW (34)—CHANGE OF VENUE—DISCRETION OF COURT.  The denial of a motion for change of venue rests in the sound judicial discretion of the trial judge.

Appeal from a judgment of the superior court for Wahkiakum county, Hewen, J., entered February 23, 1927, upon a trial and conviction of grand larceny. Affirmed.

*Fred M. Bond*, for appellant.

*George Hanigan* and *W. H. Sibbald*, for respondent.

MITCHELL, J.—Lytle S. Adams was charged by information with the crime of grand larceny, was found

[1]Reported in 258 Pac. 23.

guilty by a jury, and has appealed from a judgment and sentence on the verdict.

[1] By a demurrer to the information and in several other ways usual in practice, the appellant contended and still insists that the facts charged in the information do not constitute a crime. The information, though somewhat lengthy, in substance and effect, and at the same time rather clearly, alleged that, in the county of Wahkiakum, Washington, on May 19, 1924, the appellant feloniously and wilfully and with intent to defraud Ida Lott obtained from her her check on the Skamokawa State Bank of the value of $3,500 upon the misrepresentation that he was a part owner of certain real property situated in another county, describing the real property, worth approximately $40,000, that was clear and free from all incumbrance, by which false and fraudulent representations and pretence she was induced to deliver her check to him and that, as a fact, the appellant did not own any portion of said land or any interest in it, and that at that time the land was mortgaged for practically its full value in the sum of more than $20,000 which he, the said Adams, then and there well knew.

In our opinion, the information was sufficient. For practical purposes, the case is similar to that of *State v. Garland,* 65 Wash. 666, 118 Pac. 907, a case of grand larceny, where the endorsement and delivery of a certificate of deposit in the sum of $1,000 was treated as obtaining a check in that sum as alleged in the information. A general demurrer was interposed to the information in that case, and in disposing of it, after quoting the statutory test of the sufficiency of an information, this court said:

"There can be no doubt that, when the defendant read this information, he readily understood that he was charged with having unlawfully obtained a check

for $1,000 from Mr. Beardslee by means of the false and fraudulent representations stated, and that he received the money thereon with intent to deprive and defraud the owner thereof. This was all that is necessary under the statute. We are satisfied that the information was sufficiently definite and certain as required by the code, and states an offense against the defendant. *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Ryan,* 34 Wash. 597, 76 Pac. 90.''

[2] The refusal of the court to discharge the defendant at the close of the state's case and its refusal to direct a verdict in his favor at the close of all the evidence are assigned as errors. The record shows that, at the time the motions were made, there was sufficient evidence to justify the jury in believing that the money was a loan by Mrs. Lott to the appellant and that at the time and place mentioned and in the manner alleged the appellant did receive the check from her which, by appointment, was delivered to him at the bank upon which it was drawn and at once cashed or made use of by him in the bank.

[3] Exception was taken to, and error is assigned upon, portions of the court's instruction numbered 4. The excerpts used by counsel, standing alone, may be subject to his criticisms. That is, of themselves they are not complete in defining the essential elements of the crime charged. But counsel's argument against the instruction does not take into consideration, indeed it omits and ignores, the important statement in that instruction, viz: ''Provided the other elements of the offense as hereinafter explained have been proven beyond a reasonable doubt.'' Instructions must be read as a whole. What has just been said disposes of the next assignment questioning portions of instructions numbered 5 and 6.

[4] As to the next assignment, it is sufficient to say that larceny is an offense against the public, not

to be defended against by a partial or even complete restoration to the injured party of the property stolen. Objections to still other instructions are presented, but, without setting them out, we are satisfied upon an examination of all the instructions—found to be fair and comprehensive—that the objections and assignments thereon are without merit. Assignments of error on some of the instructions are in no way argued on behalf of the appellant. Notwithstanding an assignment of error to the contrary, the record shows that the appellant did introduce in evidence a real estate commission contract with the appellant for the sale of the property involved in this transaction, known as the Holbrook farm. Other assignments of error in the rejection of evidence have been examined and we find no error in the rulings complained of.

[5] The denial of the motion for a change of venue is assigned as error. A change of venue is a matter resting entirely in the sound judicial discretion of the trial judge. *State v. Smith,* 115 Wash. 405, 197 Pac. 770. Upon the record in this case, we can find no showing of abuse of discretion.

Upon a careful consideration of all the evidence and the whole record of the trial, and notwithstanding the numerous assignments of error that have been separately examined and considered, we are satisfied there was a fair trial in this case.

Affirmed.

Mackintosh, C. J., Main, and French, JJ., concur.