[No. 23137.   Department One.   July 15, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. J. E. WILLIAMS, *Appellant*.[1]

*Snively & Bounds*, for appellant.

*George O. Beardsley* and *Charles L. Powell*, for respondent.

[1]Reported in 1 P. (2d) 307.

HOLCOMB, J.—Appellant was convicted of the crime of grand larceny by fraud and misrepresentations and by trickery, and, upon being sentenced by the court, appealed.

The information contains three counts, each of which are identically worded, in charging larceny by fraud, false pretenses and trickery, differing only in that each refers to a different car, contract and amount of money involved.

Count one of the information, omitting the formal portion, reads:

"That said J. E. Williams in the county of Benton, state of Washington, on or about the 28th day of December, 1929, did then and there being unlawfully and with intent to deprive and defraud the owner thereof obtain from another the possession of personal property by color and aid of fraudulent and false representations and by trickery, said property being of the value of more than $25, to wit: did obtain from A. D. Patterson doing business as Inland Finance Company the sum of $300 in money by means of an assignment to said Inland Finance Company of a conditional sales contract covering a De Soto automobile, engine No. 94475, which had been sold to one Robert E. Gay upon the representations that said automobile was the property of and did belong to him and that he had the right to sell the same and to assign and transfer said conditional sales contract and that said car was free and clear of encumbrance and that there were no other conditional contracts against the same, and which representations were by said A. D. Patterson believed and relied upon and by reason of which said A. D. Patterson was induced to and did pay and deliver unto said defendant said sum of $300 lawful money of the United States of America, while in truth and fact said representations was false and was known by said defendant to be false in that said defendant had previously, to wit: on the 20th day of September, 1929, sold said automobile to one Julie Fields on conditional sales contract and which conditional sales contract was at said time

unreleased of record and the contract for which was then owned by another finance company, and further in that said defendant had previously, to wit: on the 16th day of December, 1929, sold said automobile to one Guy A. Byington on conditional sales contract and assigned said contract to another finance company, and which contract was unreleased and unsatisfied, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington.''

The jury did not find appellant guilty as to count two, but found him guilty as to counts one and three. Three is substantially the same as count one, except that it refers to a different contract and automobile. In count three, appellant is alleged to have obtained $845 in money from A. D. Patterson, doing business as the Inland Finance Company, on or about November 1, 1929. This charge involved the assignment of a conditional sales contract to A. D. Patterson, doing business as the Inland Finance Company, covering a De Soto automobile, engine number 94158, which was alleged to have been sold to Walter LaFleur and Mrs. Dora La Fleur, when the automobile had been previously sold to R. L. Williams on September 19, 1929, under a conditional sales contract which was at that time unreleased of record and unsatisfied, and which was owned by another finance company.

The sentences are the same on both counts and run concurrently.

After the return of the verdict finding appellant guilty upon counts one and three, appellant moved to arrest the judgment upon the following grounds:

(1) That the facts stated in the information and in the first count thereof do not constitute a crime or misdemeanor;

(2) That there has been no proof of some element

of the crime charged in the first count of the information for which the defendant has been tried;

(3) That there has been no proof offered or received upon the trial as to the following elements of the crime attempted to be alleged in count one, in this, to wit: That there has been no proof that the automobile described in the first count as De Soto automobile engine 94475 was represented by the defendant to A. D. Patterson, doing business as Inland Finance Company, to be the property belonging to him, or that he had the right to sell the same and assign and transfer the conditional sales contract, and that such car was free and clear of encumbrance, and that there were no other conditional sale contracts against the same at the time such conditional sale contract described in count one was sold and transferred to A. D. Patterson, doing business as Inland Finance Company.

The same motion, upon the same grounds, was made as to count three of the information, except it made reference to the automobile in the contract described in that count.

The motions were denied by the trial court, as was also a motion for a new trial.

It is insisted by appellant that the motion in arrest of judgment should have been granted, because the information does not state facts sufficient as to either count to constitute a crime or misdemeanor. In support of this contention, it is argued that it is necessary to allege and prove that the property taken was the property of some person other than the defendant; citing *State v. Kruger,* 145 Wash. 654, 261 Pac. 383; *State v. Steele,* 150 Wash. 466, 273 Pac. 742; and Joyce on Indictments, 2d ed., p. 589, § 494, to the effect that, in alleging larceny by trickery or fraud, the information must describe the property and allege ownership.

It is true we have held that, in an indictment or information charging robbery, or larceny from the person, the ownership of the property taken must be alleged in some person other than the party taking it. *State v. Hall,* 54 Wash. 142, 102 Pac. 888; *State v. Steele, supra.* But we have never so held as to the crime of larceny.

While the information before us is by no means a model in charging larceny by false representations and trickery, it does allege that property of the value of more than twenty-five dollars was obtained by appellant, on or about the day alleged, from A. D. Patterson, doing business as Inland Finance Company, in the first count, in the sum of $300, lawful money of the United States, and in the third count in the sum of $845, lawful money of the United States. It is also alleged that this money was then and there obtained by appellant unlawfully, with intent to deprive and defraud the owner thereof,

". . . and which representations were by said A. D. Patterson believed and relied upon, by reason of which the said A. D. Patterson was induced to and did pay and deliver unto the said defendant said sum of $300 lawful money of the United States of America."

While it is not definitely alleged, the only inference that a person of common understanding could draw is that A. D. Patterson, doing business as the Inland Finance Company, was the owner who was defrauded of his money.

Rem. Comp. Stat., § 2601, so far as is pertinent here, reads:

"Every person who, with intent to deprive or defraud the owner thereof . . .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . or by color or aid of any fraudulent or false

representation, personation or pretense or by any false token or writing or by any trick, device, . . .

"Steals such property and shall be guilty of larceny."

Section 2065, subd. 6, prescribes, in effect, that the offense charged must be clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. Section 2292 provides that, whenever an intent to defraud is an element of an offense charged, it is sufficient to sustain a conviction if the testimony shows there was an intent to defraud any person, association, body politic, etc. Section 2303, subd. 5, prescribes that it is not necessary to aver or prove an intent to defraud any particular person. *State v. Thomas,* 102 Wash. 564, 172 Pac. 650.

Under a former statute defining the crime of obtaining money or property under false pretenses, it was held in *State v. Phelps,* 41 Wash. 470, 84 Pac. 24, that an information, in order to state facts sufficient to constitute a crime, must allege the intent to defraud, the design, and the means used by which the fraud was practiced, and describe the article or thing of value obtained and the falsity of the representations. It was also there held that any pretense which actually deceives the person defrauded is sufficient to sustain a conviction of the crime of obtaining property under false pretenses. The above case was followed in *State v. Swan,* 55 Wash. 97, 104 Pac. 145, 24 L. R. A. (N. S.) 575, 133 Am. St. 1024, where the information charged false pretenses and representations of much less weight than those charged in the present information. A definition of a false pretense by Bishop was approved as follows:

". . . such a fraudulent representation of an existing fact or a past fact by one who knows it not to be true as is adapted to induce the person to whom it is made to part with something of value."

The *Phelps* case, *supra,* was also followed in a case arising under the present statute in *State v. Millroy,* 103 Wash. 193, 174 Pac. 10. In the last cited case, the information was very precise in alleging the money to be the property of two men who were alleged to have been defrauded thereof by the false representations of defendant in that case, and that they were made with the intent then and there to deprive and defraud the person named therein. The information was attacked on the grounds of inaccuracy and indefiniteness in other respects, which the court held to have been sufficient under the provisions of our § 2065, *supra,* and another section, 2066, prescribing that no information is insufficient which does not tend to the prejudice of the substantial rights of the defendant upon the merits. See, also, *State v. Cook,* 113 Wash. 391, 194 Pac. 401; *State v. Austin,* 121 Wash. 108, 207 Pac. 954; *State v. Fluhart,* 123 Wash. 175, 212 Pac. 245; and *State v. Whitehouse,* 123 Wash. 461, 212 Pac. 1043.

We are convinced that the two counts in the information upon which appellant was convicted stated facts sufficient to constitute crimes under our statutes and decisions.

Error is claimed because of the striking of certain answers on objection by the prosecuting attorney relating to the contract involved in the second count to the effect that Patterson, or the Inland Finance Company, suffered no loss. Since appellant was not found guilty on that count, that claim of error is unavailing.

Appellant requested instructions to the effect

that, if the jury believed from the evidence that he had a *bona fide* claim to the automobile described in each count, and believed in good faith that he had the right to sell the same and take the contract of sale described in each count, the jury should acquit him on each such count.

The proposed instructions were manifestly based on Rem. Comp. Stat., § 2608, which provides that in any prosecution for larceny it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable.

This statute makes it a matter of defense whether or not the property was appropriated openly and avowedly, in good faith, even though untenable. This was not a case of asportation of goods which might be appropriated openly and avowedly; but was a prosecution for obtaining money by false representations, fraud and trickery. The defense attempted to be made by appellant was, as stated by counsel in his opening statement, that there were no representations of the character alleged in the information made by appellant, and no representations made by him to either Patterson or his manager Campbell that there were no outstanding bills of sale or conditional bills of sale, or that the title was clear, or anything of that sort; that they took the paper without any question and without any statement as to the paper and that, as to the transaction alleged in count one, it had been paid on October 31, 1929, by appellant. The defense stated as to the second count was overwhelmingly shown by appellant, and he was not found guilty on that. It was in effect that it had been paid and released by the actual payment of the money, although the conditional contract had not been released in the county auditor's

office. As to count three, the defense was that on October 31, 1929, the contract had been fully paid, and that on November 1, 1929, the date of the alleged assignment to Inland Finance Company for $845, nobody had any interest whatever in that contract except appellant. Appellant also contended and testified that he never at any time intended to permanently deprive the Inland Finance Company of the money in either of the transactions charged, but intended to repay the same, as was done in the transaction involved in the second count.

In support of this contention, and in support of his right to have the requested instructions given to the jury, appellant cites *State v. Rolette,* 94 Wash. 94, 161 Pac. 1042; *State v. Ward,* 96 Wash. 550, 165 Pac. 794; *State v. Post,* 152 Wash. 393, 278 Pac. 164; and *State v. Carr,* 160 Wash. 74, 294 Pac. 1013.

The *Rolette* and *Carr* cases, *supra,* were embezzlement cases in each of which there was a defense that the property was actually appropriated openly and avowedly under a claim of title preferred in good faith. The same was true of the *Ward* case, *supra.*

The instructions, such as were requested in this case, were proper in the cases cited because of the nature of the defense in each case, but not so here.

As to the claim of appellant that he intended to repay the money at some subsequent time after obtaining it, and that it was not obtained with criminal intent, it was obtained, if the evidence believed by the jury is true, and which was sufficient if the jury believed it, from the owner by color or aid of fraudulent or false representations and trickery. The owner was deprived or defrauded of it. The statute makes one guilty of larceny who, with intent to deprive or defraud the owner thereof, obtains from such owner

or another the possession of, or title to, any property by color or aid of fraudulent or false representations. *State v. Wheeler,* 101 Wash. 293, 172 Pac. 225. Larceny is an offense against the public not to be defended against by a partial or even complete restoration to the injured party the property stolen. *State v. Adams,* 144 Wash. 363, 258 Pac. 23. See, also, *State v. Larson,* 123 Wash. 21, 211 Pac. 885, 11 R. C. L. 838.

The entire record has been carefully studied. Under the testimony of the state, Patterson was the owner of the Finance Company, and one Campbell, his manager. The representations were made by appellant to them at the time of their first transaction, that involving the LaFleur contract, that if they would finance his contracts, no paper would be assigned unless it was free and clear of any incumbrance, on which they relied as true. The charge in count one was more definitely and fully proven than any other charge. As to the LaFleur contract, in count three, the evidence in support of the charge was that it had been assigned to another finance company, which had received all payments due up to October 31, 1929, the contract having been sold to Inland Finance Company on November 1, 1929, and it is not probable that Inland Finance Company will suffer any loss on it. The previous assignment had been made, however, and that favorable status did not appear until afterwards. At all events, since the sentences run concurrently for the same terms, we conclude that it would be of no benefit to appellant to set aside the verdict convicting him upon that count.

We are convinced that the information was sufficient, and that the evidence to sustain the conviction on count one, at least, was ample and competent, although there was some conflict in the evidence.

The motion in arrest of judgment and the motion for a new trial were properly denied.   We find no reversible error.

Affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.