[No. 4654. Decided June 27, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS H. PITTAM, *Appellant*.

APPEAL — REVIEW — SUFFIENCY OF OBJECTIONS.

A general objection to the admission of testimony that is material, relevant and competent will raise no question to be considered on appeal.

EVIDENCE — PAROL PROOF OF CORPORATE EXISTENCE.

Oral proof of the existence of a corporation by one having knowledge thereof is sufficient, when admitted without objection, although the statute may make a certified copy of the articles of incorporation *prima facie* evidence of the facts therein stated.

EMBEZZLEMENT — EVIDENCE — OTHER ACTS SHOWING GENERAL SCHEME.

In a prosecution for embezzling the funds of an employer, evidence of other acts of the defendant in giving receipts to patrons of his employer and making entries on the books for less amounts than the moneys received is admissible for the purpose of showing the general scheme he adopted in keeping his employer's accounts as tending to show a system employed on his part in furthering such embezzlement.

APPEAL — REVIEW OF EVIDENCE — DIMINUTION OF RECORD.

The question of the sufficiency of the evidence to sustain the verdict will not be considered on appeal, when the trial court has not certified that the record contains all the material evidence in the case.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Harris Baldwin,* for appellant:

Sections 4252 and 6043, Bal. Code, establish the method by which corporate existence may be proven. The opinion of Waggoner proved nothing but his opinion. The admission of this evidence was error. *Knapp, Burrell & Co. v. Strand,* 4 Wash. 686; *Spokane & I. Lumber Co. v. Loy,* 21 Wash. 501; *McAleer v. State,* 64 N. W. 358.

*Horace Kimball,* Prosecuting Attorney, and *R. M. Barnhart,* for the State:

The sections quoted and the cases cited by appellant provide and hold simply that certified copies of certain instruments shall be considered *prima facie* evidence of the facts therein stated. Nowhere does the law provide that other proof of the incorporation may not be received. *Edelhoff v. State,* 36 Pac. 627. In a criminal case, if it becomes necessary to prove the existence of a corporation, a showing that it is a *de facto* corporation existing under the name alleged in the information, or that it is generally

reputed to be such corporation, will be sufficient. *Reed v. State,* 15 Ohio, 217; *State v. Thompson,* 23 Kan. 338 (33 Am. Rep. 165); *Calkins v. State,* 18 Ohio St. 366 (98 Am. Dec. 121); *Smith v. State,* 28 Ind. 321; *Braithwaite v. State,* 28 Neb. 832; *People v. Leonard,* 39 Pac. 617; *People v. Ward,* 66 Pac. 372.

The question of defendant's intent was in issue, and testimony concerning other offenses committed by defendant, which were a part of the same system and scheme to defraud, were admissible to. characterize and give color to the particular act for which he was then on trial, and to show his intent with reference to the act under investigation. *People v. Gray,* 5 Pac. 240; *Commonwealth v. Tuckerman,* 10 Gray, 173; *People v. Nevce,* 24 Pac. 1091; *People v. Bidleman,* 38 Pac. 502; *People v. Ward,* 66 Pac. 372; *Territory v. Meyer,* 24 Pac. 183.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was tried and convicted on an information filed against him under the provisions of § 7119, Bal. Code. The information charged him with wilfully, unlawfully, feloniously, and fraudulently converting to his own use the money and property intrusted to him by the McCormick Harvesting Machine Company, a corporation, while he was acting as agent for said company. The errors alleged on this appeal are: (1) Allowing the state, over the objection of the appellant, to prove by oral testimony that the McCormick Harvesting Machine Company was a corporation; (2) permitting the state, against the objection of the appellant, to adduce against the appellant at the trial evidence of other offenses. The third assignment is in substance that the evidence does not warrant the verdict. As to the first assignment, E. F. Waggoner, testified on direct examination as follows:

"Q.  You may state what the nature of that company is, as being a company or corporation.  A.  It is a corporation existing under the laws of the state of Illinois.  Q. Doing business in the state of Washington?  A.  Yes, sir. Mr. Baldwin:  I object to proving the corporation in that way.  Objection overruled."

It will be seen that the objection is very general, but that the testimony went in without objection of any kind, that no further testimony of that character was introduced after the objection, and that there was no motion or request made by the appellant to strike the testimony.  So that we think, under the circumstances as shown by the state of the record, that this objection is not available to the appellant.  However, the testimony most certainly was material, relevant and competent.  It is true the law provides that certified copies of certain instruments shall be considered *prima facie* evidence of the facts therein stated, but there is no provision of the law excluding other proof of the existence of the corporation.  Proof of the *de facto* existence of a corporation under the name alleged in the information is admissible, and in some jurisdictions the existence of the corporation is proven by any one having knowledge of its existence, or even by general reputation.

The argument on the second assignment is as follows: "The trial court, over the objection of the appellant, allowed the witness F. D. Banks to testify as to other offenses which the witness said the appellant had committed. (Statement of Facts, pp. 40-70.)  This was error."  The particular testimony is not pointed out nor mentioned by the appellant, and no further comment is made on its admission, except the citing of *State v. Bokien,* 14 Wash. 403 (44 Pac. 889).  A perusal of the record, however, shows (what we presume are the facts referred to by the appellant) that the state proved that the defendant, the

agent and cashier of the corporation, who transacted its business and kept its books, had given receipts to one Nuzum and other patrons of the corporation, and that the entries which he had made in the books were of less amount than the money received.    It is a well-established rule that it is not competent to show the commission by the defendant of other distinct crimes for the purpose of proving that he is guilty of the crime charged; but, for the purpose of construing the actions or of ascertaining the intent of the defendant in the commission of the acts proven, other independent culpable acts are sometimes admissible in evidence.    In this case, for instance, the defendant admitted having received the $150 which he is charged with embezzling, the circumstances being that he took to the bank for deposit a check in favor of the corporation for $343.19, informing the teller that he desired $150 of the amount in cash, the remainder to be placed to the credit of the corporation; but he disclaimed any intent to wrongfully appropriate said amount of $150.    We think it was competent to show that, in the general scheme he adopted in keeping his accounts with his employer, the result was the appropriation by him of the funds of the employer; not for the purpose of prejudicing a jury against him by proving the commission of independent crimes, but to throw light on his intentions in the perpetration of the particular transaction constituting the crime charged.    Mr. Wharton, in his work on Criminal Evidence (9th ed.), § 31, after stating the general rule, under the head of "Exceptions" to such rule, says:

"When an extraneous crime forms part of the *res gestae* evidence of it is not excluded by the fact that it is extraneous.    Thus, on a trial for murder, evidence that the prisoner, on the same day the deceased was killed, and shortly before the killing, shot a third person, was held admissible,

under the circumstances of the case, notwithstanding the evidence tended to prove a distinct felony committed by the prisoner; such shooting, and the killing of the deceased, appearing to be connected as parts of one entire transaction. On a trial, also, for breaking into a booking office of a railway station, evidence was admitted that the prisoners had, on the same night, broken into three other booking offices of three other stations on the same railway, the four cases being connected. . . . In order to prove purpose on the defendant's part, system is relevant, and in order to prove system, isolated crimes are admissible from which system may be inferred. If the evidence is admissible on other grounds, it cannot be excluded because it charges the defendant with an extraneous crime."

In this case we think that the evidence tended to prove a system or scheme on the part of the defendant to defraud the corporation by embezzling its funds, and that the evidence introduced was competent.

The third assignment is without merit, and we also think that not only was the testimony sufficient to warrant the verdict and sustain the judgment, but, if it was not, that there is no sufficient certificate of the court to justify this court in reversing a judgment on the facts, the court not certifying that the record contains all the material evidence in the case.

No reversible error appearing, the judgment is affirmed.

Fullerton, C. J., and Anders, Hadley and Mount, JJ., concur.