[No. 10103.   Department Two.   June 7, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK DOWNER, *Appellant*.[1]

EMBEZZLEMENT—EVIDENCE—SUFFICIENCY.   There is sufficient evidence to sustain a conviction of larceny by embezzlement, where it was admitted that the defendant, employed as a bookkeeper, took small sums from a cash drawer, secreting the fact by the execution of a note charged off to profit and loss, which he kept in his possession, and he claimed that he returned the money secretly and destroyed the note, while his employer testified that he had not returned any part of the money.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS.   Error cannot be predicated upon the reception of evidence to which no objection was made below.

EMBEZZLEMENT—EVIDENCE—OTHER OFFENSES—ADMISSIBILITY.   Upon a prosecution of a bookkeeper for embezzlement, in which the defendant testified that he had subsequently returned the money in small amounts without showing on his books where the money came from, making his cash more at times than the books showed, it is proper on cross-examination to ask if certain persons had not paid him money which he had not credited, even if it did show other offenses, as it tended to explain how the cash came to overrun.

SAME.   Upon a prosecution of embezzlement by a bookkeeper, evidence of other offenses than the one charged is admissible, where it tended to show a general scheme or system adopted in keeping his accounts in furthering his embezzlement.

Appeal from a judgment of the superior court for King county, Gay, J., entered September 23, 1911, upon a trial and conviction of larceny by embezzlement.   Affirmed.

*S. D. Wingate* and *Walter S. Fulton*, for appellant.

*John F. Murphy, Alfred H. Lundin*, and *Reah M. Whitehead*, for respondent.

MOUNT, J.—The defendant was convicted in the lower court upon a charge of larceny by embezzlement.   He appeals from the judgment thereon.

He makes three assignments of error, to the effect (1) that

[1]Reported in 123 Pac. 1073.

the trial court permitted evidence to be offered of other offenses subsequent to the charge made in the information; (2) that the court permitted the books of account to be used by the jury, which books contain transactions which occurred after the date of the alleged crime; and (3) that there was not sufficient evidence to go to the jury. We shall notice these assignments in the reverse order.

The defendant was in the employ of C. C. Belknap Glass Company as a bookkeeper and cashier, during the years 1910 and 1911. As such employee, he had sole charge of the books of account and money of that company. During the months of January, February, March, and April, he took from a cash drawer small sums of money aggregating $175, without the knowledge of his employer. When this fact was discovered, he admitted that he had taken the money, but claimed that he had subsequently replaced it. The state's evidence tended to show that he had never returned the money, or any part of it. The appellant's testimony showed conclusively that he had taken the money without notice to his employers, and that he had secreted the fact by executing a note which was charged off to profit and loss, but that he had kept the note in his possession; that after he had returned the money secretly during a period of months, he then destroyed the notes. It is at once apparent that there was ample evidence to go to the jury on the whole case.

Certain pages of books and possibly the books themselves were offered and received in evidence. These books were the books kept by the appellant. When they were offered in evidence no objections were made. Counsel for appellant stated, "We have no objections." There is therefore no merit in this assignment.

The principal contention of the appellant is that the court erred in receiving evidence of offenses which occurred after April 30, 1910, the date upon which the offense is alleged to

have been committed. When the defendant himself was upon the witness stand, after he had testified in substance that he had returned the money in small amounts, which he would place in the cash from his own funds without showing upon his books where the money came from, and that by reason of this fact his cash was more at times than the books would show, he was asked upon cross-examination if certain persons had not paid money to him which he had not credited to such persons upon the books. These transactions were gone into at some length. It is plain that this was proper cross-examination and admissible for that reason, because it tended to explain, in a different manner from what defendant had previously stated, how the cash came to overrun. The state apparently pursued this course for the purpose of showing a system or scheme adopted by the defendant for procuring the money from his employer for his own use, and not for the purpose of proving independent offenses. The evidence was also admissible for this purpose under the rule stated in *State v. Pittam*, 32 Wash. 137, 72 Pac. 1042. In *State v. Craddick*, 61 Wash. 425, 112 Pac. 491, referring to the case of *State v. Oppenheimer*, 41 Wash. 630, 84 Pac. 588, we said, at page 430:

"In that case, *State v. Bokien* and *State v. Gottfreedson* were approved. But there was no attempt to overrule the case of *State v. Pittam*, 32 Wash. 137, 72 Pac. 1042, where it was held that, in a prosecution for embezzling funds of an employer, evidence of other acts of the defendant, in giving receipts to patrons of his employer and making entries on the books for less amounts than the money received, was admissible for the purpose of showing a general scheme which he adopted in keeping his employer's accounts, as tending to show a system employed on his part in furthering such embezzlement."

The evidence was clearly admissible under this rule.

We find no error in the record, and the judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.