[No. 14742. Department Two. July 31, 1918.]

The State of Washington, *Respondent*, v.
E. M. Smith, *Appellant*.[1]

Criminal Law—Evidence—Intent—Other Crimes. In a prosecution for selling morphine without a physician's prescription, proof of giving dry morphine on a prescription calling for morphine in solution was sufficient proof of intent to establish criminality; hence it was error to admit evidence of other illegal sales of morphine to other persons for the purpose of establishing intent.

Witnesses—Impeachment—Effect of Use of Drugs. In a prosecution for selling morphine without a physician's prescription, where the prosecuting witness, a sporting woman, was under the influence of morphine at the time of the sale and of her accusation, the defense is entitled to prove by expert testimony the effect of the drug upon her mind and memory.

Criminal Law—Trial—Misconduct of Judge—Comment. It is unlawful comment for the court to instruct the jury to view with caution and suspicion the evidence of a witness addicted to the use of morphine.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 31, 1917, upon a trial and conviction of unlawfully selling morphine. Reversed.

*Nuzum, Clark & Nuzum* and *Turner, Nuzum & Nuzum,* for appellant.

*John B. White* and *T. T. Grant,* for respondent.

[1] Reported in 174 Pac. 9.

MACKINTOSH, J.—The appellant was convicted of selling morphine without a physician's prescription. Evidence was admitted of various alleged illegal sales of morphine by the appellant to four persons other than the prosecuting witness. Offered evidence of a medical expert was refused, this evidence being offered to show the effect of morphine upon the mental condition of a person addicted to its use, as was the prosecuting witness at the time of her purchase of the drug from the appellant, and her arrest. Instructions were refused which directed the jury to view with caution and suspicion the testimony of prostitutes and drug users. Error is predicated upon these matters, and several others which we will not discuss in this opinion.

I. There is no more insidious and dangerous testimony than that which attempts to convict a defendant by producing evidence of crimes other than the one for which he is on trial, and such testimony should only be admitted when clearly necessary to establish the essential elements of the charge which is being prosecuted. To establish guilty intent, unlawful motive, or criminal knowledge, it is permissible to show that the act charged against the defendant was one in a series of similar ones; but beyond this, the state cannot go and, for the purpose of securing a conviction, show the perpetration of other similar acts, even though committed in furtherance of a general scheme, where there is no proof required to establish intent, motive or knowledge, other than proof of the act charged itself. In other words, where the act charged against the defendant itself characterizes the offense, the guilty intent is proven by proving the act. Here the proof of giving of dry morphine on a prescription calling for morphine in solution was proof of the intent and nothing more was necessary to establish criminality. This has been the holding of this court in

*State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State v. Oppenheimer,* 41 Wash. 630, 84 Pac. 588; and has not been modified by *State v. Pittam,* 32 Wash. 137, 72 Pac. 1042; *State v. Craddick,* 61 Wash. 425, 112 Pac. 491; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. Downer,* 68 Wash. 672, 123 Pac. 1073, 43 L. R. A. (N. S.) 774; *State v. Hazzard,* 75 Wash. 5, 134 Pac. 514; *State v. Shea,* 78 Wash. 342, 139 Pac. 203; *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633; which are all cases where evidence of other criminal acts was admissible as "implying a guilty intention on the appellant's part" in doing the act for which he was on trial. In the case before us, the evidence not coming within the exception to the rule, should have been excluded.

II. The evidence of the state having shown that the prosecuting witness, a sporting woman, was under the influence of morphine at the time of the alleged sale to her by the appellant, and that she was arrested then by an officer to whom she related her story, the defense was entitled to prove, by expert testimony, the effect of the drug upon the mind and memory of its user. *Anderson v. State,* 65 Tex. Cr. 365, 144 S. W. 281; *People v. Webster,* 139 N. Y. 73, 34 N. E. 730.

III. While testimony is admissible showing the character of, or effect of the use of drugs upon, a witness as affecting her credibility, it is not proper for the court to violate the constitutional prohibition against commenting upon the evidence by instructing the jury that it should regard the testimony of any class of witnesses with caution or suspicion.

For the errors discussed the judgment is reversed.

CHADWICK, HOLCOMB, and MOUNT, JJ., concur.