[No. 15146.   Department One.   May 31, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
ARNT ANDERSON, *Appellant*.[1]

CRIMINAL LAW (444) — INDICTMENT AND INFORMATION (111) — HARMLESS ERROR.  A negative pregnant in an information charging larceny by false pretenses is not ground for setting aside a conviction.

SAME (110, 112) — FALSE PRETENSES (13) — EVIDENCE — OTHER OFFENSES.  In a prosecution for larceny by false pretenses as to houses owned by the accused and that he was a contractor and builder, evidence of other instances of larceny committed by accused by similar false pretenses is admissible, not to show intent, but to prove the falsity of the pretense that he was a contractor and builder, by showing on the contrary that he was engaged in a fraudulent scheme (Modified on Rehearing).

SAME.  Such evidence was admissible for the purpose of establishing criminal intent, since the acts charged did not in themselves characterize the offense.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 27, 1918, upon a trial and conviction of grand larceny.  Affirmed.

*Carl J. Smith, Christopher Jacobsen, Joseph H. Smith,* and *Oliver Anderson,* for appellant.

*Fred C. Brown* and *John A. Frater* (*Frank P. Helsell,* of counsel), for respondent.

MACKINTOSH, J.—Appellant has been found guilty of the crime of grand larceny, committed by false and fraudulent pretenses and representations.  The in-

[1]Reported in 181 Pac. 696; 185 Pac. 624.

formation set out these false pretenses as consisting, first, of the representation that certain property in Oregon was worth "then and there the sum of $1,500 and that there was a house then and there upon said lots which was worth the sum of $3,400"; the second false representation being that the appellant was "then and there a contractor and builder"; and third, that appellant had at that time two or three houses which were being built by subcontractors, and one house which he was then and there building himself. The information, in alleging the falsity of these representations, says the property in Oregon "was not then and there worth the sum of $1,500, and there was not then and there a house upon said lots which was worth the sum of $3,400"; alleges that the appellant was not a contractor and builder, and that the appellant "did not have two or three houses which were being built by subcontractors or a house which he, the said Arnt Anderson, was then and there building."

The appellant attacks the information for the reason that the allegations as to the falsity of the representations as to the value of the property and the building of the houses above quoted are negatives pregnant, and therefore the information is rendered insufficient to charge a crime. Granting that the pleading of the falsity of the representations made is as claimed by appellant, the sustaining of an attack upon an information or the setting aside of conviction upon such purely technical objections is no longer indulged in by courts anxious to assist in the full administration of justice. A negative pregnant is not as serious a condition nor nearly as fatal in its effects as it was at one time in the history of pleading. As far back as the case of *O'Brien v. Seattle Ice Co.,* 43 Wash. 217, 86 Pac. 399, this view met the sanction of this court.

Appellant also protests that the evidence was not sufficient to sustain this conviction. We are rather inclined to the view that the evidence could hardly be made to sustain any other conclusion.

The last and most serious objection to the record is that witnesses were allowed to testify to other instances of larceny claimed to have been committed by the appellant against various witnesses who testified that they had parted with sums of money upon similar false pretenses and representations as those by which the prosecuting witness was entrapped. Appellant strenuously argues that the proof of these independent crimes was not proper, it being unnecessary to prove criminal intent. We are prepared to concede that this class of testimony, in a case of this character, is inadmissible if offered solely for the purpose of establishing criminal intent. We feel that, under the case of *State v. Smith,* 103 Wash. 267, 174 Pac. 9, this testimony was improper for that purpose. It was properly admissible, however, upon another ground, namely, to establish the falsity of the pretense that the appellant was a contractor and builder, the testimony of these various witnesses going to the establishment of the fact that, instead of being engaged in the contracting and building business, he was engaged in a plan and scheme of selling interests in a fraudulent venture. The state, having alleged that the appellant had represented himself as being a contractor and builder, and being called upon to prove the falsity of that representation, was entitled to put upon the stand those persons who had had dealings with the appellant and who, as a matter of fact, had purchased partnership interests from him, to testify as to the character of the business in which he was engaged.

The other objections to the introduction of testimony and to the instructions do not seem to present

questions which are necessary to be discussed in detail. The trial seems to have been without error, and the judgment of conviction must be, and is, affirmed.

CHADWICK, C. J., MITCHELL, and TOLMAN, JJ., concur.

MAIN, J., concurs in the result.

ON REHEARING.

[*En Banc.* December 2, 1919.]

PER CURIAM.—The evidence of other crimes was properly admitted in this case for the purpose of establishing criminal intent, this being a case where the acts charged against the defendant did not in themselves characterize the offense, and is thus distinguished from *State v. Smith,* 103 Wash. 267, 174 Pac. 9. To this extent, the departmental opinion is modified.