[No. 16808.  Department One.  April 19, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
                    DALE, *Appellant*.[1]

WITNESSES (104, 105)—CREDIBILITY—FORMER CONVICTION—ARREST.
Cross-examination of the accused and rebuttal evidence as to a pre-
vious arrest of the accused for a distinct offense, not confined to the
question of a previous conviction of a crime, is inadmissible under
Rem. Code, §§ 1212, 2148, 2290, relating to evidence of a previous con-
viction and the cross-examination of the accused.

SAME (126-1)—IMPEACHMENT—CONTRADICTION—COLLATERAL MAT-
TERS.  Where the state, on cross-examination, explores the subject of
a previous arrest of the accused for a distinct offense, it is bound by
the answers as upon a purely collateral matter, and it is reversible
error to permit the state to introduce rebuttal evidence thereon.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered May 27, 1920,
upon a trial and conviction of being a jointist.  Re-
versed.

*W. C. Donovan*, for appellant.
*William C. Meyer* and *M. R. Morton*, for respondent.

TOLMAN, J.—Appellant was tried and convicted upon
a charge of being a jointist, and from the judgment
and sentence, entered upon the verdict of guilty, he
has appealed. Of the many assignments of error, we
find it necessary to consider and discuss but one.  Ap-
pellant offered himself as a witness in his own behalf,
and on cross-examination by the state, over the stren-
uous objection of counsel, he was asked and required to
answer the following:

"Q.  Fordyce had you arrested down in Adams
county when you plead guilty to violating the liquor
law too, didn't he? Mr. Donovan: Object to that as
not proper cross-examination. The court: You mean

[1]Reported in 206 Pac. 369.

he was arrested—I will sustain the objection. Q. For-
dyce arrested you one time when you had about thirty
bottles of whiskey in your possession? Mr. Donovan:
Object to that as incompetent, irrelevant and imma-
terial and not proper cross-examination. The court:
Objection overruled. Mr. Donovan: Exception. A.
Fordyce arrested me, but I didn't have any whiskey.
Q. Didn't you have thirty bottles of whiskey in your
possession? A. I didn't have thirty drops of whiskey.
Q. You didn't have it? A. No, sir.''

And on rebuttal the state was permitted to recall the
witness, Fordyce, when the following occurred:

''Q. Did you ever arrest Charley Dale prior to the
28th of October? Mr. Donovan: Object to that as in-
competent, irrelevant and immaterial, not tending to
explain any issue in this case, not proper rebuttal. Mr.
Grant: It was brought out on the examination of Mr.
Dale. The court: He may answer the question. Mr.
Donovan: Exception. A. I did. Q. And where?·A. I
arrested him once up in the alley right off Washington
street between Second and Third avenue while he was
delivering thirty-two quarts of whiskey.''

The question presented by this state of the record
seems to be controlled by our statute. Rem. Code,
§ 1212 (P. C. § 7723), provides:

''No person offered as a witness shall be excluded
from giving evidence by reason of conviction of crime,
but such conviction may be shown to affect his cred-
ibility: Provided, that any person who shall have been
convicted of the crime of perjury shall not be a com-
petent witness in any case, unless such conviction shall
have been reversed, or unless he shall have received a
pardon.''

Section 2148, Rem. Code (P. C. § 9214), among other
things, provides:

''.  .  . any person accused of any crime in this
state, by indictment, information, or otherwise, may, in

the examination or trial of the cause, offer himself, or
herself, as a witness in his or her own behalf, and shall
be allowed to testify as other witnesses in such case,
and when accused shall so testify, he or she shall be
subject to all the rules of law relating to cross-exam-
ination of other witnesses: . . ."

And § 2290, Rem. Code (P. C. § 8725), reads:

"Every person convicted of a crime shall be a com-
petent witness in any civil or criminal proceeding, but
his conviction may be proved for the purpose of affect-
ing the weight of his testimony, either by the record
thereof, or a copy of such record duly authenticated
by the legal custodian thereof, or by other competent
evidence, or by his cross-examination, upon which he
shall answer any proper question relevant to that in-
quiry, and the party cross-examining shall not be con-
cluded by his answer thereto."

Neither the cross-examination nor the rebuttal testi-
mony is confined to the question of previous conviction
of a crime, consequently the provision in the section
of the statute last quoted, to the effect that the state
shall not be concluded by the answer, is not applicable.
Since the state was not in any manner attempting to
prove a previous conviction, the matter of a previous
arrest and the previous possession of whiskey was not
made admissible by the statutes referred to, and if ad-
missible at all, which in the light of what was said in
*State v. Smith,* 103 Wash. 267, 174 Pac. 9, may well be
doubted, was purely a collateral matter upon which the
witness could not be impeached under elemental and
familiar rules. The state was, in any event, therefore
concluded by his answers upon cross-examination, and
it was reversible error to permit the introduction of
the rebuttal testimony. A careful study of the record
fails to convince us that there was any other error of
a sufficiently prejudicial nature to warrant reversal;

but for the error pointed out, the case must be, and it is hereby, reversed and remanded for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.