[No. 19020. Department One. March 3, 1925.]

## THE STATE OF WASHINGTON, *Respondent,* v. J. J. KREISS, *Appellant.*[1]

CRIMINAL LAW (110)—FALSE PRETENSES (13)—EVIDENCE—OTHER OFFENSES. In a prosecution for obtaining money by false representation as to the equipment and courses of instruction in a school, evidence of similar representations made to other prospective students is admissible to show criminal intent.

SAME (229)—TRIAL—RECEPTION OF EVIDENCE—SCOPE OF EVIDENCE IN REBUTTAL. Evidence admitted over the objection of a party may be met by rebuttal evidence.

FALSE PRETENSES (13)—EVIDENCE—ADMISSIBILITY. Upon a prosecution for obtaining money by false representations as to the equipment and courses of instruction in a school, a catalogue given to the complaining witness for the purpose of informing him thereupon is admissible in evidence.

Appeal from a judgment of the superior court for King county, Joiner, J., entered June 14, 1924, upon a trial and conviction of grand larceny. Affirmed.

*Albert D. Martin* and *Howard H. Startzman,* for appellant.

*Malcolm Douglas* and *Ralph Hammer,* for respondent.

MAIN, J.—The defendant was charged by information with the crime of having obtained $100 from C. B. Petty by aid of fraudulent and false representations. The trial resulted in a verdict of guilty. After the motion for a new trial had been overruled, a judgment was entered upon the verdict, and the defendant appeals.

The appellant was the manager of the Hemphill Trade School, located in Seattle. On November 14, 1923, Petty, the complaining witness, went to see him,

[1]Reported in 233 Pac. 649.

after having read an advertisement in one of the Seattle papers relative to enrolling in the school. At this time the appellant gave to the complaining witness what is referred to as a catalogue of the school, which is in the form of a rather large eight page circular. It sets forth the advantages of, and what may be learned in, the Hemphill Trade Schools, there being eleven of them in all located in various cities in this country and in Canada. On the day following, Petty returned and had another talk with the appellant, and at that time paid him $100. It was represented to him, as he testified, that the local school had a number of tractors and had installed a radio. What the complaining witness especially desired was a course of instruction in the operation of tractors. The radio course was to be free.

Upon the trial a number of other young men who had enrolled and paid their money at about the same time as Petty testified along the same lines. The state's evidence was to the effect that there were no tractors in the school and that the radio had not been installed. The catalogue referred to was introduced in evidence as Exhibit "A." The evidence on behalf of the defendant took a wide range, much of which was over the objection of the state. It went into detail as to the equipment in the school, its plan of operation and its purposes. In rebuttal the state offered evidence, over objection of the appellant, contradictory to some of that which had been produced on behalf of the appellant.

The particular charge in the information was that the appellant, as manager of the school, had obtained the $100 from Petty, and had falsely and fraudulently represented to him that they had tractors and had installed a radio to give a free course in that subject.

9—133 WASH.

The appellant complains of the ruling of the trial court in permitting others than the complaining witness to testify to the representations made to them, on the ground that it was offering proof of another crime. It is, of course, the general rule that, when a person is charged with a particular crime, evidence of other crimes is inadmissible. There are exceptions to this rule, one of which is that where an essential element of the crime is criminal intent, and where the acts charged do not in themselves characterize the offense, evidence of other crimes is admissible for the purpose of showing intent. In the case of *State v. Anderson,* 107 Wash. 336, 181 Pac. 696, 185 Pac. 624, upon rehearing *En Banc,* it was said:

"The evidence of other crimes was properly admitted in this case for the purpose of establishing criminal intent, this being a case where the acts charged against the defendant did not in themselves characterize the offense, and is thus distinguished from *State v. Smith,* 103 Wash. 267, 174 Pac. 9."

In *State v. Austin,* 121 Wash. 108, 207 Pac. 954, the defendant was convicted of grand larceny committed by false and fraudulent representations. Evidence was received of similar representations to other persons than the particular transaction for which the defendant was being tried. It was there said:

"Evidence was received of the making of similar representations by the appellant to several other purchasers of stock and this is claimed to be erroneous. In *State v. Anderson, supra,* this court has settled the law in this jurisdiction that similar representations are admissible in a case of this kind for the purpose of showing intent."

The appellant objects to the ruling of the trial court in permitting certain evidence in rebuttal. The evidence of the appellant, as stated, took a wide range, over the objection of the state. The rebuttal evidence was to

meet this. Since the evidence offered by the appellant was received over objection, the state had a right to meet it in rebuttal. In Jones on Evidence (2d ed.), § 172, it is said:

"If one party is allowed against objection to introduce irrelevant testimony, it is manifestly unjust to prevent the other party from rebutting or explaining such testimony."

Complaint is made of the ruling of the trial court in admitting in evidence Exhibit "A" which was the catalogue of the school. This was given to the complaining witness when he first interviewed the appellant and was for the purpose of informing him as to what was in the school and what he might learn there. It was general and covered all of the Hemphill Trade Schools, but this does not make it inadmissible, since it was given by the appellant to the complaining witness as a special inducement to him to enroll in the Seattle school.

There are many other assignments of error, some of which are controlled by what has already been said. The others have been carefully considered and we find in them no substantial merit. The case was fairly tried. The question was primarily one of fact for the jury, and the record presents no reversible error.

The judgment will therefore be affirmed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.