[No. 20429.   Department One.   March 24, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. DAN RIGSBY et al., *Appellants.*[1]

[1] CRIMINAL LAW (387)—APPEAL—PRESERVATION OF GROUNDS— OBJECTIONS TO EVIDENCE. Error cannot be assigned on receiving in evidence a witness's written statement of a conversation, where no objection was made at the time.

[2] WITNESSES (74)—CROSS-EXAMINATION—SCOPE AND EXTENT. It is not error to permit cross-examination by the state on matters introduced over the objection of the state and not entirely foreign thereto.

[3] CRIMINAL LAW (229)—TRIAL—SCOPE OF EVIDENCE IN REBUTTAL. Where a witness claimed to have been removed from an industrial home and confined in jail for the purpose of intimidation, it is proper in rebuttal to allow the matron of the home to state why she caused her to leave the home.

[4] WITNESSES (125-1)—RIGHT TO CONTRADICT WITNESS. It is not error to show that a witness had made statements in writing over her signature contrary to her evidence.

Appeal from a judgment of the superior court for King county, Paul, J., entered December 22, 1925, upon a trial and conviction of arson. Affirmed.

¹Reported in 254 Pac. 244.

*John F. Dore,* for appellants.

*Ewing D. Colvin* and *Ralph Hammer,* for respondent.

MAIN, J.—The defendants were charged, tried and convicted of the crime of arson in the second degree, and from the judgment and sentence they appeal.

All the assignments of error relate either to the rulings of the trial court on the admission of evidence or to the scope of cross-examination.

[1] Upon the trial, a witness was called by the state who testified that, shortly after the fire, he had a conversation with the appellant Rigsby and at the time wrote out his version of the fire. The witness read this statement to the jury, and it is claimed that this was error. A similar statement prepared at the time of the conversation with the other appellant Separovich was also read. The record does not preserve this error, because the statements were read to the jury without objection. There was a request by the appellants that the time, place and persons present be fixed, and this was done. In the absence of an objection to the reading of the statement, the question is not here for review.

[2] It is next contended that there was error in the cross-examination of Rigsby. His testimony upon direct examination took a wide range and, over objection of the state, matters were gone into which had to do with the relation between the witness and the father of his wife. On cross-examination, the witness was asked relative to the treatment of his wife in certain particulars and whether she had complained to her father. This line of examination was not entirely foreign to the matters brought out on direct examination and, since that examination took place over the objection of the state, it was not error for

the matter to be pursued on cross-examination. *State v. Kreiss,* 133 Wash. 256, 233 Pac. 649.

Complaint is also made of the cross-examination of Mrs. Rigsby, the wife of one of the appellants. This presents substantially the same question as arose out of the cross-examination of Rigsby. The question which seems to be most complained of, however, with reference to Mrs. Rigsby does not appear by the record to have been answered, and there was no error in this regard.

[3] In rebuttal, the state called Gertie B. Rose who was the matron of the Lebanon Home. She was permitted to testify, over objection, as to the reason why Mrs. Rigsby left the home. It should be said that Mrs. Rigsby was confined therein after the proceeding was started and in her testimony she had sought to give the impression that those acting for the state had had her removed from the home and confined in the county jail for the purpose of intimidation. In view of this testimony it was not error to permit Mrs. Rose to state that she caused Mrs. Rigsby to leave the home because, "I told her I did not feel she was a subject for the home,—to be among our other girls,—and she knows why I told her."

[4] Objection was made to the introduction in evidence of what is referred to as state's exhibit "Q." This was a statement signed by Mrs. Rigsby and purported to tell in some detail as to how the fire occurred. When testifying, Mrs. Rigsby unequivocally stated the facts to be other than as stated in her written statement. Having made statements in writing over her own signature as to the manner of the starting of the fire which were in conflict with her oral testimony, the introduction of the statement cannot be said to be prejudicial error.

The trial of the case covered two or three days' time and the record is long. In none of the rulings of the trial court complained of, to which objection was made, have the substantial rights of either of the appellants been invaded.

The judgment will be affirmed.

MACKINTOSH, C. J, MITCHELL, FULLERTON, and FRENCH, JJ., concur.