[No. 24344.   Department One.   May 12, 1933.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN G. PRICE, *Appellant.*[1]

[1]Reported in 21 P. (2d) 1038.

*Tucker & Tucker* and *Patterson & Ross,* for appellant.

*Robert M. Burgunder, Emmett G. Lenihan,* and *Roscoe R. Fullerton,* for respondent.

MITCHELL, J.—John G. Price was charged and convicted on each of eleven counts in one information of the crime of grand larceny. In one count, the charge was grand larceny by obtaining money by false pretenses, and in each of the other counts the charge was grand larceny by embezzlement. Judgment and sentence were imposed upon him, from which he has appealed.

The transactions out of which the charges arose occurred while the appellant was president of the Northern Bond & Mortgage Company (hereinafter called the Mortgage Co.), in Seattle, and in connection with the transaction of its business, which consisted, among other things, in loaning money on mortgages, buying and selling mortgages, making construction loans to contractors, and investing money generally for its clients. The transactions involved took place either shortly or just immediately before the appointment of a receiver, on the application of the appellant, for the Mortgage Co., on the ground of insolvency, in December, 1927.

The first assignment of error complains of an order overruling a general demurrer to the information and each of the counts in it. The respective counts were based on Rem. Rev. Stat., § 2601, subd. (2) or (3), and were expressed substantially in the language of the statute. This is sufficient. Some of our cases so holding are *State v. Turner,* 10 Wash. 94, 38 Pac.

864; *State v. Jakubowski,* 77 Wash. 78, 137 Pac. 448; *State v. Wray,* 142 Wash. 530, 253 Pac. 801, and cases cited; *State v. Stevenson,* 161 Wash. 357, 296 Pac. 1052; *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635.

■ In the next assignment of error, it is argued that the trustee in bankruptcy of the Mortgage Co. upon its insolvency should not have been permitted to testify upon the question of the insolvency of the Mortgage Co. at stated periods involved in the case. The trustee in bankruptcy was appointed and qualified some two months after a receiver was appointed for the Mortgage Co. by the state court, and had handled the bankrupt estate nearly two years at the date of the hearing in the present case. As trustee, he became the owner of the legal title to the property of the bankrupt estate, and, as the testimony shows, had familiarized himself with its financial standing at different times. His ownership and personal knowledge of the affairs of the bankrupt estate qualified him to testify on the subject. He was the owner, and, by personal acquaintance with the company's affairs, possessed more than common knowledge of them. *State v. Gregory,* 198 Iowa 316, 198 N. W. 58. The weight of his testimony was for the jury, of course.

■ Further, it is assigned that prejudicial error was committed by the court in allowing one McLarty to testify concerning a certain financial statement of the Mortgage Co. made a few years before it became insolvent. Mr. McLarty, at the time the Mortgage Co. became insolvent, had for some time been its secretary and auditor, on account of which, together with considerable study preparing to testify at the trial of this case, he appeared to be well qualified to testify concerning the affairs of the company, as described by the financial statement in question, and was entitled to testify.

■ Another objection to his testimony and the financial statement was that the same tended to prove other crimes than those with which the appellant was being tried. There is a rule, however, permitting evidence of this kind, within the judgment of the trial court and proper instructions thereon, in cases, such as this, of larceny by embezzlement running over a period of considerable time. We had a similar situation in the recent embezzlement case of *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635, wherein we said:

"The fact that exhibit 'U' showed or tended to show the commission of a crime or crimes prior to the ones with which the appellants were charged does not make it inadmissible, since intent was an element of the crime which must be established by evidence. When intent is a necessary element of the crime, evidence of other crimes than the one with which the accused is being tried, may be received as bearing upon that question. *State v. Harkness,* 136 Wash. 691, 241 Pac. 297; *State v. Clamp,* 164 Wash. 653, 3 P. (2d) 1096; 80 A. L. R. 1302; *State v. Schultz,* 168 Wash. 120, 10 P. (2d) 980.

"The facts stated in the trust agreement were not so remote in point of time as to have no substantial evidentiary value as bearing upon the question of intent. *State v. Morgan,* 146 Wash. 109, 261 Pac. 777; *State v. Schultz,* 168 Wash. 120, 10 P. (2d) 980."

The next assignment is that the court erred in denying motions for directed verdicts and for orders of dismissal with respect to each and all of the counts in the information. The record shows, however, that there was strong, substantial, unimpeached and positive testimony introduced in support of each count upon which there was a conviction. There was testimony to the contrary, but the case was for the jury.

■ Next it is assigned that the attorney for the state committed reversible error in demanding that the appellant produce evidence against himself. We do not so understand the record. Appellant, in his

testimony in chief, referred to a written list of items prepared by him and his counsel from certain books of accounts. Then in cross-examination, after testifying that he could not testify fully where certain moneys had been deposited, other than those already enumerated, the following occurred:

"Q. Can't you answer one particular item? A. I cannot. There are some of them on our list we went over Sunday. I cannot do it. Q. Have you that list in your possession? A. I think Mr. Ross has it. Q. Have you any objection to my seeing it? Mr. Ross: If counsel is calling upon the defendant to produce evidence against himself I except to it as misconduct of counsel. Mr. Lenihan: I am very careful not to. Mr. Ross: Since the damage has been done so far as counsel is concerned, if he wants us to produce those books and the court orders it we will produce them. The Court: What are the books? Mr. Lenihan: I am not going to ask Your Honor over any objection for the defendant to produce anything. I merely asked him if he had any objection, the same as awhile ago when he handed me this folder containing the letters and the other papers I asked him if he had any objection to my looking at them. I am not asking him to produce anything that he does not desire to produce. The Court: Proceed."

This assignment, in our opinion, is without substantial merit.

■ The giving of certain instructions constitute assignments of error; No. 7 is one of them. In the brief, it is referred to and identified by its subject-matter, but it is not argued. However, the instruction was correct. *Price v. Northern Bond & Mortgage Co.,* 161 Wash. 690, 297 Pac. 786. Instruction No. 8 was proper. It was a correct statement of the law that the deprivation of property need not be permanent, but that criminal, temporary deprivation is sufficient to constitute larceny. *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635, and cases therein cited.

Objections urged to instructions Nos. 10 and 13 are in the nature of conclusions only, that is, that they are argumentative and confusing. In what respect they are so, is not discussed in the brief. In our opinion, they are clear and proper, particularly so when taken in connection with the other instructions.

The refusal to give certain requested instructions constitutes assignments of error. Request No. 9 relating to the good reputation of the appellant was fully covered by instruction No. 17 that was given. Request No. 11, with respect to the burden of proof resting on the state as to each count, was correctly and more fully covered by instruction No. 2 that was given. Requested instruction No. 17 on the subject of intent was correctly and more fully covered by instructions Nos. 9, 10 and 11 that were given. Request No. 20, with respect to appellant's claim of belief of good faith in receiving and paying out money as he did, was fully covered by instruction No. 16 that was given.

Request No. 23 that "the intent to steal is the intent of the taker to deprive the owner permanently of his property" was correctly refused. That rule is not applicable in this kind of case. *State v. Larson,* 123 Wash. 21, 211 Pac. 885.

Other requested instructions were refused. They need not be separately stated or discussed. They have been examined, considered and found to be either incorrect in some particular or fully and properly covered by instructions that were given.

Judgment affirmed.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.