[No. 32760. Department One. July 29, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN HARTWIG, *Appellant*.[1]

[1] Reported in 273 P. (2d) 482.

*Fred M. Bond,* for appellant.

*Don G. Abel* and *John W. Schumacher,* for respondent.

HAMLEY, J.—John Hartwig was convicted of the crime of grand larceny. He appeals from the judgment and sentence which was entered, and from the denial of his motions in arrest of judgment and for a new trial.

The evidence produced by the state tended to show the following: On December 15, 1952, Hartwig advertised in a daily newspaper for a partner in the sport-fishing business at Westport. One Lloyd Gladson answered the advertisement, and met with Hartwig on the evening of December 15th. At this meeting, Hartwig agreed to sell to Gladson for thirty-five hundred dollars a one-half interest in the fishing boat "Weepoose," plus a one-half interest in the business of chartering the boat. In making this proposal, Hartwig represented that he was the sole owner of the "Weepoose," and that the boat was free and clear of any encumbrance.

Induced by this representation, Gladson gave Hartwig one hundred dollars in currency, as earnest money to bind the agreement to sell. It was thereafter learned that Hartwig's representation was false and fraudulent, in that (1) there was an outstanding mortgage against the boat; (2) one Wallace A. Lister owned a one-fourth interest in the boat; and (3) Hartwig had entered into an agreement with the United States customs service whereby the boat was not to be sold.

One of the assignments of error raises the question whether the trial court erred in admitting, and thereafter refusing to strike, certain testimony given by Lister. Appellant argues that this testimony was not material to the case, and was prejudicial because it tended to show that appellant was guilty of a similar fraud in another transaction.

In order to establish its case, it was necessary for the state to prove that, at the time Hartwig represented to Gladson that he owned the "Weepoose," free and clear, he knew that Lister then owned an interest in the boat. To prove this, the state called Lister as a witness. He testified that, prior to the Gladson transaction, Hartwig had entered into a partnership arrangement with Lister, in connection with which Hartwig sold Lister a one-fourth interest in the boat.

The testimony elicited from Lister, however, was not confined to the question of whether Lister had previously acquired from Hartwig an interest in the boat. He was asked to tell the details of his transaction with Hartwig, and in this connection, he testified that Hartwig had told him on numerous occasions that the "Weepoose" was free and clear of any mortgage. Lister further testified that his attorney later found out that there was a mortgage against the boat, but that Hartwig even then persisted in saying that the boat was free and clear. Lister testified that his representative then pulled the mortgage out of his desk and confronted Hartwig with it. According to Lister, Hartwig then said: "Well, I guess it's all done and the deal has fell through."

Appellant's counsel objected to this testimony and, after it was received, moved to strike it and instruct the jury to disregard it. His objection was overruled, and his motion was denied.

This court, in common with all others, has held that a defendant must be tried for the offenses charged in the indictment or information, and that to introduce evidence of unrelated crimes is grossly and erroneously prejudicial. *State v. Goebel,* 36 Wn. (2d) 367, 218 P. (2d) 300, and cases cited. To this rule, certain exceptions have developed, and

evidence of other unrelated crimes is admitted to show (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged. *State v. Goebel*, 40 Wn. (2d) 18, 240 P. (2d) 251, and cases cited.

Where the state, in a criminal action for larceny by fraudulent representations, has offered evidence of other frauds, to show criminal intent, we have held such evidence admissible under the above exceptions. See *State v. Craddick*, 61 Wash. 425, 112 Pac. 491; *State v. Kreiss*, 133 Wash. 256, 233 Pac. 649; *State v. Clamp*, 164 Wash. 653, 3 P. (2d) 1096, 80 A. L. R. 1302; *State v. Seidenschwarz*, 191 Wash. 111, 70 P. (2d) 780.

But here the state did not offer the evidence in question to show criminal intent, or for any other reason which would be permissible under the above exceptions.

Nor can it be assumed that Lister's reference to previous misrepresentations concerning the existence of a mortgage was unavoidable in proving the state's allegation that there was such a mortgage. The state disavows that this was one of the purposes of Lister's testimony, Moreover, the mortgage had already been introduced in evidence through another witness, and its existence had already been conceded by appellant. Even if Lister's testimony had been necessary to establish the existence of the mortgage, there was no need to make reference to misrepresentations concerning it in connection with the sale of an interest in the boat to Lister.

The evidence in question was offered only to show that Lister had purchased an interest in the boat from appellant prior to the latter's transaction with Gladson. This could have been done without the witness making reference to misrepresentations in connection with his purchase. The fact that, in purchasing this interest, Lister had been met with false representations as to the existence of an outstand-

ing mortgage was wholly immaterial. It was patently prejudicial, since it tended to prove that, prior to the Gladson transaction, Hartwig had similarly sought to defraud others.

■ It is probably true, as the state contends and appellant appears to concede, that Lister's testimony did not prove that Hartwig was guilty of larceny in connection with the earlier transaction. This is so, because Lister paid no money to Hartwig until after he learned that there was actually a mortgage on the boat. In our view, however, evidence of unrelated acts of misconduct may be extremely prejudicial, even though it does not actually establish that a crime was committed. As before indicated, there was such prejudice in this case.

■ We therefore hold that, under the rule referred to above, this evidence was not admissible. Its reception and the refusal to strike the same and instruct the jury to disregard it was prejudicial error entitling appellant to a new trial. See *State v. O'Donnell*, 195 Wash. 471, 81 P. (2d) 509; *State v. Goebel*, 36 Wn. (2d) 367, 218 P. (2d) 300; *State v. Goebel*, 40 Wn. (2d) 18, 240 P. (2d) 251; *State v. Emmanuel*, 42 Wn. (2d) 1, 253 P. (2d) 386.

Since this case must be remanded, we will briefly discuss such other questions as may arise at the new trial.

The amended information, which was based upon and substantially followed the language of paragraph 2 of the larceny statute (RCW 9.54.010 (2) [cf. Rem. Rev. Stat., § 2601 (2)]), is sufficient in form. *State v. Price*, 173 Wash. 108, 21 P. (2d) 1038.

■ Instruction No. 6 told the jury, substantially in the words of RCW 9.54.070 [cf. Rem. Rev. Stat., § 2603], that one who "sells" personal property which is at the time mortgaged, without informing the purchaser of such mortgage, shall be deemed to have made a false representation.

This statute has reference to completed sales. In a completed sale, the title to the thing sold passes to the purchaser. *North Idaho Grain Co. v. Callison*, 83 Wash. 212, 145 Pac. 232.

Gladson paid his one hundred dollars to appellant only as

earnest money. This contemplated a further payment or contract of some kind and the subsequent passage of title, in the event Gladson decided to complete the purchase. Title did not pass at the time this money was paid, and therefore no sale took place at that time.

Instruction No. 6 should not be given at the new trial.

■ The court did not err in giving instruction No. 17, which told the jury that, in arriving at a verdict, the subject of penalty or punishment was not to be discussed or considered. See *State v. Lunsford*, 163 Wash. 199, 300 Pac. 529.

Instruction No. 12, concerning circumstantial evidence, was not excepted to and became the law of the case.

■ Appellant's brief contains no argument in support of his contention that the evidence was not sufficient to support a judgment of conviction. We are therefore not called upon to discuss this assignment of error. Rule on Appeal 42 (1) (f), 34A Wn. (2d) 45, as amended, effective January 2, 1953; *Union State Bank of Wapato v. Warner*, 140 Wash. 220, 248 Pac. 394; *DeLonge v. Richfield Oil Corp.*, 35 Wn. (2d) 803, 215 P. (2d) 701.

The judgment is reversed, and the cause remanded for a new trial.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.